[Civ. No. 481. Fifth Dist. Mar. 11, 1965.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY, Respondent; JACKIE SUE JENKINS, a Minor, etc., Real Party in Interest.

Silveira, Garrett & Goul and William L. Garrett for Petitioner.

No appearance for Respondent.

L. A. MacNicol, Burton F. Ellis and Stephen P. Galvin for Real Party in Interest.

STONE, J.—Petitioner seeks a writ of mandate to compel the Superior Court of the County of Merced to set aside its order directing arbitration in an action brought by the guardian ad litem of the real party in interest.

Petitioner, as insurance carrier, issued a policy of automobile insurance to Dolan Jenkins, the father and guardian ad litem of Jackie Sue Jenkins, a Minor, real party in interest. At the time of the accident, July 16, 1963, Jackie Sue was 12 years of age and while riding a bicycle collided with an automobile registered to and operated by one Refugio Lopez, an uninsured motorist within the meaning of California Insurance Code section 11580.2. Jackie Sue was an additional insured under the policy issued by petitioner to Dolan Jenkins.

The policy also included uninsured motorist coverage, the aspect of the policy giving rise to this proceeding.

The uninsured motorist statute specifies the period within which proceedings thereunder must be commenced. It is set forth in Insurance Code section 11580.2, subdivision (h), wherein it is provided: "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident:

"(1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or

"(2) Agreement as to the amount due under the policy has been concluded, or

"(3) The insured has formally instituted arbitration proceedings."

Jackie Sue did not comply with subdivision (h) of section 11580.2 in that no action was taken on her behalf until nearly 15 months after the accident. A demand for arbitration was made on her behalf on October 16, 1964, but petitioner refused to arbitrate on the ground that the real party in interest had waived arbitration of the claim by failing to comply with the statute of limitations specified in subdivision (h). Petition for arbitration was then filed in the Superior Court of the State of California in and for the County of Merced, seeking an order to require petitioner herein to arbitrate under the provisions of section 1281.2, Code of Civil Procedure. Petitioner resisted the motion and, after a hearing, the court ordered defendant State Farm Mutual Automobile Insurance Company "to arbitrate concerning the claim of the minor plaintiff Jackie Sue Jenkins." State Farm Mutual then petitioned this court for a writ of mandate directing the superior court to set aside its order directing arbitration.

The sole question is whether the limitation specified in subdivision (h) of section 11580.2 of the uninsured motorist statute excludes the disability of minority (Code Civ. Proc., § 352); that is, must a minor comply with the one-year limitation just as must an adult?

The question whether the disability of minority provided by Code of Civil Procedure section 352 is applicable to specific limitations of action contained within the framework of a statute which provides a cause of action, is not a matter of first impression in California. The leading case is *Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831], which concerned a statute providing for a cause of action against certain gov-

ernmental entities. The statute specified time limitations for the filing of claims as a condition precedent to bringing an action. No distinction was made between minors and adults. The contention made on behalf of the minor in *Artukovich*, as in the instant case, was that the disability of minority provided by Code of Civil Procedure section 352 tolled the specific statute of limitations expressed in the statute.

The Supreme Court divided four to three on the question. Two dissenting opinions pointed out that "from time immemorial the legal status of infants has been recognized as singular, and because of their tender years and lack of understanding the law has refused to hold them to the same accountability as adults." Whether we should be inclined to follow the reasoning of either dissenting opinion is of no consequence since *Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937], admonishes us, quite properly, to follow a majority opinion. Since our research has turned up no Supreme Court decision overruling or disapproving the majority holding in *Artukovich*, we are impelled to conclude that the disability of minority under Code of Civil Procedure section 352 is not applicable to the limitation specified in subdivision (h) of Insurance Code section 11580.2.

Real party in interest suggests that the distinction should rest, not upon whether the Legislature has prescribed the mode and manner in which a right may be exercised but, rather, upon whether the right itself is embodied in a remedial statute or in a substantive statute, and whether the limitation is a condition on the exercise of the right or a limitation on the remedy. These distinctions have been followed in some jurisdictions, although criticised as technical and conceptualistic in *Scarborough* v. *Atlantic Coast Line R.R. Co.*, 178 F.2d 253 [15 A.L.R.2d 491]. The California cases make no distinction between remedial and substantive statutes; they have simply looked to the statute and if no exception appears on the face of it, the disability of minority has not been allowed. This is reflected in *Carpenter* v. *Eureka Casualty Co.*, 14 Cal.App.2d 533, at pages 536-537 [58 P.2d 682], in which the California rule is stated in the following terms:

"It is established that when the Legislature has, by statute, prescribed the mode and manner in which a right may be exercised, the courts are without authority to make a change. . . .

". . . . . . . . . . . .

". . . Since the statute itself does not create such an ex-

ception, it is settled by authority that there would be none.''

A later Supreme Court case, *Estate of Caravas,* 40 Cal.2d 33 [250 P.2d 593], without resorting to the niceties of statutory construction, forthrightly holds that a claimant's inability to press his claim because of war tolls the period of limitations expressly provided in a statute. Real party in interest urges us to follow the same pattern and hold that the disability of minority tolls the limitations expressed in Insurance Code section 11580.2, subdivision (h). But the instant case is not parallel to *Estate of Caravas* and *Scarborough;* the facts of the cases are not apposite. *Estate of Caravas* concerned the disability of an adult during wartime, and *Scarborough,* though involving a minor, was predicated upon the fraud of the defendant which lulled the minor into taking no action upon his claim within the statutory period. Fraud is not alleged in the instant case.

Thus, we cannot fly in the face of *Artukovich* v. *Astendorf, supra,* and hold that the statute of limitations expressly provided in Insurance Code section 11580.2, subdivision (h), is subject to the provisions of Code of Civil Procedure section 352.

Let the peremptory writ of mandate issue as prayed.

Conley, P. J., and Brown (R.M.), J., concurred.