[L. A. No. 29438. In Bank. May 17, 1968.]

DONALD WILLIAMS, a Minor, etc., Plaintiff and Appellant,
v. LOS ANGELES METROPOLITAN TRANSIT AU-
THORITY, Defendant and Respondent.

Eugene S. Valian, Bodle, Fogel, Julber & Reinhardt, Daniel Fogel, Stephen Reinhardt, Loren R. Rothschild, Valian & Tardiff and Herbert E. Selwyn for Plaintiff and Appellant.

Harry M. Hunt and Glenn W. Hoiby for Defendant and Respondent.

TOBRINER, J.—Plaintiff, through his guardian ad litem, brought this action against defendant Los Angeles Metropolitan Transit Authority for injuries caused by defendant's agents' negligent operation of a motor vehicle. (Veh. Code, § 17001.) Defendant demurred to the complaint on the ground that section 945.6 of the Government Code barred plaintiff's action; the trial court sustained the demurrer with leave to amend. Defendant moved to strike plaintiff's amended com-

plaint as merely repetitive of the earlier complaint; the trial court granted this motion and dismissed plaintiff's action. (See Code Civ. Proc., § 581, subd. 3.)

On plaintiff's appeal we hold that the trial court improperly dismissed the action. As we shall point out in more detail, Code of Civil Procedure section 352 preserves the causes of actions of minors against the running of the statute of limitations, and nothing in Government Code section 945.6, enacted in 1963 as part of the California Tort Claims Act, abrogates that section or the public policy that underlies it.

According to the allegations of the complaint, plaintiff, a minor, sustained injury on July 16, 1961. He timely filed the required claim with defendant on October 18, 1962 (former Gov. Code, §§ 703, 710, 715); defendant rejected that claim on an unspecified date. Plaintiff filed this action against defendant on February 10, 1965, over six months after defendant must have rejected the claim.[1]

Section 352 of the Code of Civil Procedure, which governs this case, preserves during minority the minor's right to bring any action *mentioned* in chapter three of part two, title two, of that code. Thus Code of Civil Procedure section 352 specifically provides: "If a person entitled to bring an action, *mentioned* in chapter three of this title, be, at the time the cause of action accrued, . . . 1. Under the age of majority . . . the time of such disability is not a part of the time limited for the commencement of the action." (Italics added.)[2] Chapter three purports to prescribe "[t]*he periods . . . for the commencement of actions* other than for the recovery of real property . . . ." (Italics added.) (Code Civ. Proc., § 335.) Hence, as to any cause of action *mentioned* or covered, in that chapter, the minor's cause is protected until majority, no matter what statutory limitations apply to litigants other than minors.

The cause of action which confronts us here is one against a

---

[1] The latest date on which defendant could have rejected the claim was November 4, 1963; if defendant failed to act on the claim prior to that date, the claim was deemed rejected by operation of law. (See *Tubbs* v. *Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 674-675 [63 Cal.Rptr. 377, 433 P.2d 169].)

[2] The other persons whose disabilities toll the statute of limitations under section 352 are those "2. Insane; or, 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; or, 4. A married woman, and her husband be a necessary party with her in commencing such action . . . ."

public entity; our sole query turns on whether such an action is "mentioned" in chapter three. Indubitably, chapter three *does* "mention" this kind of action; it specifically refers to an action against a public entity for which a claim must be presented; it specifically prescribes the limitation applicable to such an action. Thus section 342 in chapter three provides: "An action against a public entity upon a cause of action for which a claim is required to be presented . . . must be commenced within the time provided in Section 945.6 of the Government Code."[3] The inclusion of the section in chapter three automatically, pursuant to the specific mandate of section 352, excepts and tolls actions of minors against a public entity.

The legislative protection of the rights of the minor in all chapter three causes cuts across the limitations applicable to other litigants; the Legislature has enacted an express and clear tolling of the statute for the minor. We need engage in no rhetoric to establish the minor's right; we need not rely upon precepts of statutory construction to support it.

The express words of the statutes effectuate a deep and long recognized principle of the common law and of this state: children are to be protected during their minority from the destruction of their rights by the running of the statute of limitations. This principle became a part of California statutory law as long ago as 1863 (Stats. 1863, ch. 250, pp. 325,

---

[3]Section 945.6 of the Government Code enacted in 1963 and amended in 1965 sets forth a statute of limitations applicable to actions against a public entity; it provides as follows: "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b) of this section, any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced within six months after the date the claim is acted upon by the board, or is deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division. (b) When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison, the time limited for the commencement of such suit is extended to six months after the date that the civil right to commence such action is restored to such person, except that the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so, before the expiration of the time prescribed in subdivision (a). (c) A person sentenced to imprisonment in a state prison may not commence a suit on a cause of action described in subdivision (a) unless he presented a claim in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division."

326) and has since been applied in actions against governmental entities as well as those against private persons (see, for instance, *Hennessy* v. *County of San Bernardino* (1941) 47 Cal.App.2d 183 [117 P.2d 745]).

Despite the Legislature's express preservation in Code of Civil Procedure section 352 of the minor's right to sue, defendant would outlaw such action upon the ground of an alleged *implied* negation of it. Defendant argues that because the Legislature included in Government Code section 945.6, subdivision (b), a tolling provision for felons, it inferentially repealed the tolling provision for children. To sustain this position, defendant, erroneously in our opinion, relies upon three grounds: first, upon a maxim of statutory construction; second, upon some decisions, and third, upon a statement of Professor Van Alstyne.

 The defense first proposes to overcome the words of the code through a process of nullification by negative implication. For this purpose it invokes the maxim *expressio unius est exclusio alterius*; yet that rule of construction, whatever its force or value, does not apply here. It cannot perform its proper role of resolving an ambiguity in statutory language or uncertainty in legislative intent because here we encounter neither ambiguity nor uncertainty. The language of section 352 of the Code of Civil Procedure presents no question of meaning; when section 945.6 of the Government Code is read with it, no doubt or conflict arises as to minors. In these circumstances there is no room for the proposed rule of construction.

Indeed, an unquestioned line of decisions tells us that the maxim ''will not be utilized to contradict or vary a clear expression of legislative intent . . . . [Citing cases.]'' (*Dickey* v. *Raisin Proration Zone No. 1* (1944) 24 Cal.2d 796, 811 [151 P.2d 505, 157 A.L.R. 324]; *In re Cathey* (1961) 55 Cal.2d 679, 689 [12 Cal.Rptr. 762, 361 P.2d 426]; *McNee* v. *Harold Hensgen & Associates* (1960) 178 Cal.App.2d 881, 885 [3 Cal.Rptr. 377].) In the absence of express statutory provision, courts will not find an implied abrogation of long established principles. Thus in *Garvey* v. *Byram* (1941) 18 Cal.2d 279 [115 P.2d 501, 136 A.L.R. 1137], the question turned on whether the debtor could bid at the tax sale of his own property. The applicable statutory provision specifically prohibited bids for a sum less than the minimum price fixed in the resolution of the board of supervisors. It contained no exclusion

of bids by the former owner of the property, an exclusion long established in case law. Rejecting the debtor's argument that the Legislature's prohibition of a subminimal bid impliedly excluded any other prohibition on bids, this court held: "When a rule is so long engrained in the public policy of the state it must be presumed that the legislature took it for granted rather than sought to alter it in omitting any specific provision for its application." (18 Cal.2d at p. 281.)

In the instant case the exemption of minors from the bar of the statute of limitations during minority is "long engrained in the public policy of the state." To hold that the express tolling of prisoners' claims inferentially repeals the children's exemption is not only to reverse the policy, contrary to *Garvey*, but actually to ignore the express declaration of the Legislature.[4] In fact the Legislature expressly enacted Code of Civil Procedure section 342 as an integral part of the 1963 general legislation on claims and actions against public entities (Stats. 1963, ch. 1715, pp. 3369, 3394), thereby concurrently and clearly "mentioning" actions against public entities and preserving the exemption of minors from the running of the statute of limitations. Although subdivision (b) of section 945.6 may have qualified the disability provision of section 352 as to prisoners[5] (Code Civ. Proc., § 1859), section 945.6 does not purport to qualify *in any manner* the tolling provisions of section 352 as to children.

Although defendant relies on *Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 [131 P.2d 831], that case does not apply to the situation before us. There the plaintiff contended that his minority excused him from the requirement of former Political Code section 4075, which provided that an injured party file a claim before bringing suit against a public entity.

---

[4]If the Legislature had intended that none of the disability provisions, other than for prisoners, should extend the limitations period it could easily have so stated, and would have done so. See, e.g., Revenue and Taxation Code section 3521: ". . . Sections 351 to 358, inclusive, of the Code of Civil Procedure do not apply to the time within which a proceeding may be brought under the provisions of this section."

[5]The disability provisions of section 945.6 and of section 352, subdivision 3, involving prisoners, although overlapping in many respects, are not identical. Prior to its amendment in 1965, section 945.6 provided for tolling of the limitations period during a person's imprisonment under sentence in a state prison until the restoration of his civil right to bring the action. The 1965 amendment places certain obligations on a prisoner to seek restoration of his civil rights. Under section 352, unless a person was serving a life sentence, the statute would be tolled during his imprisonment, even if he were not under sentence in the state prison.

Noting that the statute did not explicitly excuse minors from compliance with the claims procedures, we held: "Thus there are statutory provisions extending special consideration to minors with respect to the time within which certain proceedings must be commenced ([e.g.,] Code Civ. Proc., § . . . 352 . . .), but the special consideration extended is expressly limited to the proceedings therein mentioned. We find no similar provisions extending special consideration to minors in statutes prescribing the time within which claims must be filed . . . ." (21 Cal.2d at pp. 333-334.) In the instant case, as we have pointed out, Code of Civil Procedure section 352 does extend special consideration to minors, and an action against a public entity is a proceeding therein "mentioned." (Code Civ. Proc., § 342.)

*Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App. 2d 63 [54 Cal.Rptr. 470], and *State Farm etc. Ins. Co.* v. *Superior Court* (1965) 232 Cal.App.2d 808 [43 Cal.Rptr. 209], also cited by defendant, held that a minor injured in an automobile accident must comply with the provisions of Insurance Code section 11580.2, in an action against his insurer under the uninsured motorist provisions of the policy. That section provides in subdivision (h): "No cause of action *shall accrue* to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitration proceedings." (Italics added.) The courts in the above cases, relying on *Artukovich*, held that the provisions of section 352 did not apply to the limitations period set forth in Insurance Code section 11580.2. (*Pacific Indem. Co.* v. *Superior Court, supra,* 246 Cal.App.2d 63, 71-72; *State Farm etc. Ins. Co.* v. *Superior Court, supra,* 232 Cal.App.2d 808, 810.) Insurance Code section 11580.2, subdivision (h), however, creates a condition for the preservation of a potential cause of action under an insurance policy and does not fix the time for instituting a civil suit against the insurer after a cause of action has accrued. (See *Firemen's Ins. Co. of Newark, N.J.* v. *Diskin* (1967) 255 Cal. App.2d 502, 510 [63 Cal.Rptr. 177].)

*Frost* v. *State of California* (1966) 247 Cal.App.2d 378 [55 Cal.Rptr. 652], involved an action brought by minors against

the state, not a local public entity, and held that former Government Code section 644 barred such an action. The section specified that an action on a claim against the state must be brought within six months after the state's rejection of the claim but the section provided no extension for minors. The court held that Code of Civil Procedure section 352 did not extend the six-month period because an action against the state was *not* one mentioned[6] in chapter three prior to the 1963 legislation.[7]

Defendant finally relies heavily on the analysis of Professor Van Alstyne in California Government Tort Liability (Cont. Ed. Bar), section 9.5, pages 416-417: ''The 1963 act makes one express exception [sentence to imprisonment in a state prison] to the limitations period. . . . In light of this one exception, it appears by implication that other bases for tolling the six-month limitations period (see *e.g.*, CCP § 352(1) — minority; § 352(2) — incompetency; § 351 — defendant's absence from the state; § 353—death of defendant) were

[6]Former section 342 of the Code of Civil Procedure, repealed in 1959, provided: ''Actions on claims against a county, which have been rejected by the Board of Supervisors, must be commenced within six months after the first rejection thereof by such Board.'' No provision of chapter three mentioned an action on a claim against the state.

[7]The following cursory dictum in *Frost* should be disapproved: ''It is further apparent that section 352, Code of Civil Procedure, was not intended after 1963 to govern actions against any public entity because of the specific saving provisions of section 945.6, Government Code, in favor of persons sentenced to imprisonment in a state prison. In view of the omission of any mention in section 945.6 of minority as a reason for extending the time limited for commencement of an action, a legislative intention not to create such extension may be inferred.

''We are not, however, concerned with the meaning and effect of section 945.6 because of our holding that plaintiffs' cause of action, if barred at all, was barred before the 1963 legislation became effective.'' (247 Cal.App.2d at p. 386.)

The court considered most significant those provisions in the 1963 legislation extending special consideration to minors as to the time within which a *claim* must be filed. (Gov. Code, §§ 911.4, 911.6, 946.6.) The court erroneously concludes that these provisions indicate a legislative intent not to extend such consideration to minors with regard to the time within which an *action* must be brought. In the absence of any specific provision, minors would be held to the requirements of the claims statutes (*Artukovich* v. *Astendorf, supra,* 21 Cal.2d 329), but the general disability provisions of section 352 had been held applicable to actions against a public entity. (*Hennessy* v. *County of San Bernardino, supra,* 47 Cal.App.2d 183.) In *Hennessy* a minor brought an action against the county more than six months after his claim had been rejected. Although the applicable six-month statute of limitations (former Code Civ. Proc., § 342, and former Pol. Code, § 4078) gave no specific extensions because of minority, the court held that the disability provisions of section 352 applied.

intended to be inapplicable. The legislative intent that the 'general statutes of limitations' would have no application was, in fact, explicit. See Part V, Note 2, § 945.6.[8] For some general tolling provisions, such as death or absence from the state, factual circumstances would never occur in actions against public entities; while for other grounds, such as minority or incompetency, a suit through a guardian ad litem is available. Accordingly, strict adherence to the six-month period will probably be required by the courts, except as specifically provided for persons who have lost their civil rights.''

▇▇ The legislative history of section 945.6, however, furnishes no support for these comments. That history affords no clue or indication of an intent to preclude application of the minority disability provision of section 352.[9] In proposing

---

[8]Part V, note 2, section 945.6, page 778, merely quotes the recommendation of the California Law Revision Commission that a uniform statute of limitations be enacted. (Recommendation Relating to Sovereign Immunity No. 2, January 1963, p. 1014.) The purpose of such a statute was to reconcile the different limitation periods governing actions against the state, against local public entities, and against public employees (see Van Alstyne, *op. cit. supra*, § 3.11, pp. 82-83) and to provide a limitations period different from that for a similar cause of action against a private individual.

[9]We cannot accept defendant's argument that the Legislature intended the procedural provisions of the Government Code to operate in total isolation from other enactments. Thus, if we are to avoid incongruous results, the procedural provisions of the Government Code must be subject to the general provisions of the Code of Civil Procedure permitting an additional six-month limitation period upon the death of a person entitled to bring an action. Otherwise, if a person injured by a public entity should die at a time shortly before the expiration of the limitation period of six months, the probate court might not have sufficient time to appoint the personal representatives required to bring the action. (Compare Code Civ. Proc., § 353; see also Code Civ. Proc., § 354 (disability during war); *Estate of Caravas* (1952) 40 Cal.2d 33, 39-40 [250 P.2d 593].) Professor Van Alstyne's analysis ignores the inequities that would arise from the failure to apply these tolling provisions.

As another illustration, Government Code section 950.6 setting forth a six-month limitation period for actions against public employees, includes a provision tolling the statute for felons identical with that in section 945.6. If the defendant died before the expiration of the period, or if he did not remain in California during the period, plaintiff's action would be unjustifiably barred unless a court applied the general provisions of Code of Civil Procedure sections 353 and 351. As to this possibility Professor Van Alstyne states: ''In the absence of legislative correction, the problem could readily be cured by liberal judicial interpretation because nothing in the act expressly forecloses application of the Code of Civil Procedure tolling provisions.'' (Van Alstyne *op. cit., supra*, § 10.9, p. 441.) Professor Van Alstyne's suggested liberal interpretation here cannot be reconciled with his contradictory statement that the tolling provisions do not apply to the rights of minors.

section 945.6 the Law Revision Commission did not suggest any exception whatever to the operation of Code of Civil Procedure section 352 or the protection of minors against the statute of limitations during minority; the commission offers no comment on whether such disability provisions in the Code of Civil Procedure toll the statute. (Cal. Law Revision Com., Recommendation, *supra,* pp. 1043-1044.) Indeed, it was the Senate that amended the proposed section 945.6 to provide for extension because of imprisonment (Senate Jour., April 8, 1963, pp. 1421-1422); and no available legislative or other material indicates in any way that this section was intended to affect the rights of minors.

Professor Van Alstyne suggests that a ruling that section 352 was inapplicable to actions against a public entity would not work a hardship to an injured party. Although, as he points out, a court could appoint a guardian ad litem for minors or insane persons, such a protective procedure could be followed in every case. The Legislature, however, has not seen fit for that reason to abolish the general exceptions contained in Code of Civil Procedure section 352, subdivisions 1 and 2. We see no reason to believe the Legislature relied upon the asserted protection to the minor of the guardianship only in the case of an action against a public entity.

Defendant offers no satisfactory reason why the statute of limitations in section 945.6 should not be tolled by plaintiff's minority. Because plaintiff must timely comply with the claims procedures (*Artukovich* v. *Astendorf, supra,* 21 Cal.2d 329), the public entity will be afforded the opportunity to investigate promptly the minor's claim and will be alerted to any possible future financial obligations. In preserving the child's cause of action during minority, we adhere to the strong and long established policy of protecting minors against the loss of their rights. As we have pointed out above, the applicable statutes compel this result.

Defendant's assertion that the California Tort Claims Act be viewed as a complete and separate enactment for limitations of actions against government agencies would make the province of the act a separate and sovereign empire immune from all other provisions of California statute. Yet the act must be subject in this instance to California law; section 352 expressly subjugates it to the general provisions of the exemption for minors; the contrary result would call for the erasure of specific sections of the Code of Civil Procedure.

In conclusion, we find no basis for nullifying the legislative direction. The tolling provision of section 352 applies to any action "mentioned" in chapter three; section 342 does specifically mention the type of action against a public entity which we probe here. We should not, and cannot, invoke a rule of statutory interpretation to overcome the clear words of the Legislature that need no interpretation. But to accept defendant's contention here would be to do more than misapply canons of construction; it would strike down the express provision of the Legislature in order to defeat an underlying policy of this state dedicated to the protection of children.

We reverse the judgment of dismissal and remand the cause with directions to the trial court to overrule the demurrer and to grant a reasonable time within which defendant may answer if so advised.

Traynor, C. J., Peters, J., Mosk, J., and Sullivan, J., concurred.

BURKE, J., Concurring—Although it seems somewhat anomalous that minors are held bound by the claim filing requirements with respect to their claims against public entities (subject to the special dispensation provided by Government Code section 911.6, subdivision (b) (2)),[1] but the statute of limitations is tolled in their favor during their minority, nevertheless that is the effect of the statutory scheme as actually enacted by the Legislature. It may perhaps be argued logically that a minor who has presented a claim under the applicable statutes is in a position to file court action within the limitations period which applies generally to actions on claims against public entities, and that it would be more consistent to require that he do so. We may also speculate that perhaps the Law Revision Commission in presenting its recommendations to the Legislature with respect to the 1963 tort claims legislation intended that minors be bound by the same statute of limitations as was to be applicable generally,

---

[1] Section 911.6 directs that an application under section 911.4 for late filing of a claim presented "within a reasonable time not to exceed one year after the accrual of the cause of action" shall be granted if "(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim."

and was of the view that such would be the result of the recommended legislation.

The only two statements in the California Law Revision Commission Report on the question of statutes of limitations are these:

(a) "In order to promote uniformity and avoid undue delay in a suit against a public entity, a relatively short period should be allowed for commencing suit regardless of the nature of the claim. The six-month period now provided in the State claims statute is recommended. The general statutes of limitation would thus have no application to actions against public entities upon causes of action for which claims are required." (4 Cal. Law Revision Com. Rep. 1014.)

(b) "This section requires that an action must be commenced within six months after the claim is acted upon or is deemed to be rejected. The normal statute of limitations will not apply. . . . This section is based upon Government Code Sections 643 and 644, which apply to claims against the State." (4 Cal. Law Revision Com. Rep. 1043, Comment to § 945.6.)

Thus, the revisers indicated their design to obtain uniformity and speedy disposition of cases. Former section 644 of the Government Code, used by the revision commission as a model, stated that all actions against the state for negligence were to be controlled by a six-month statute of limitation. At the time of the revision there had been no court decision as to whether section 352 tolling applied to the section 644 six-month statute.[2] Also, the commission's statement indicates its intent that "general statutes of limitations" not apply to cases brought against public entities. What "general statutes of limitations" are referred to is not clear, but it would seem that such portions of Code of Civil Procedure sections 335 through 360 as relate to statutes of limitations generally for tort causes of action may well have been included in the reference.

The fact remains however, that Code of Civil Procedure section 342, as added in 1963, does mention actions against public entities under the 1963 tort claims legislation, thereby rendering such actions by minors expressly subject to the toll-

[2]In 1966 *Frost* v. *State of California*, 247 Cal.App.2d 378 [55 Cal.Rptr. 652], held that Code of Civil Procedure section 352 did not and does not affect former section 644 of the Government Code, correctly pointing out that before the 1963 legislation actions against the state were not mentioned in the chapter referred to in section 352.

ing provisions of Code of Civil Procedure section 352. If the Legislature in its wisdom believes the law should be otherwise, it may make the change by express statutory amendment. Until and unless that event occurs, it is the function of this court to apply the statute as written.

Accordingly, I concur in the majority opinion prepared by Mr. Justice Tobriner.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Fox in the opinion prepared by him for the Court of Appeal in *Williams* v. *Los Angeles Metropolitan Transit Authority* (Cal.App.) 57 Cal. Rptr. 7.