[Civ. No. 25590. First Dist., Div. Four. Feb. 20, 1969.]

PACIFIC INDEMNITY COMPANY, Plaintiff and Respondent, v. JOSEPH J. ORNELLAS et al., Defendants and Appellants.

Robert A. Kaiser and Robert P. Gianolini for Defendants and Appellants.

Woodrow W. Kitchel for Plaintiff and Respondent.

CHRISTIAN, J.—Appellants Joseph and Genevieve Ornellas appeal from a judgment declaring that they had no cause of action against respondent insurance company under the uninsured motorists provisions of the Insurance Code (Ins. Code, § 11580.2). The trial court based its decision upon the failure of appellants to comply with section 11580.2, subdivision (h), which provides: ''No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitration proceedings.'' Appellants contend that section 351 of the Code of Civil Procedure[1] tolled the one-year period, the uninsured motorist having been absent from the state.

An insurance policy (including uninsured motorist coverage) issued by respondent to appellants was in effect on October 3, 1963 when an automobile accident occurred, involving appellant Genevieve Ornellas and one Santiago Irizarry. The latter was uninsured and ''financially irresponsible'' and has since left California. On October 8, 1964 appellants filed suit against Irizarry for injuries suffered in the accident. On March 24, 1965 appellants commenced arbitration proceedings pursuant to section 11580.2, subdivision (e), of the Insurance Code.

[1]Section 351: ''If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.''

Appellants contend that the effect of section 11580.2, subdivision (h), should be limited by section 351 of the Code of Civil Procedure. However, a companion provision of the Code of Civil Procedure (§ 352: statute of limitations tolled during minority) has been held not to create an exception to the requirement in subdivision (h). (*Allstate Ins. Co.* v. *Orlando* (1968) 262 Cal.App.2d 858 [69 Cal.Rptr. 702]; *Republican Indem. Co.* v. *Barn Furniture Mart, Inc.* (1967) 248 Cal.App. 2d 517 [56 Cal.Rptr. 609]; *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 71 [54 Cal.Rptr. 470]; *State Farm etc. Ins. Co.* v. *Superior Court* (1965) 232 Cal.App.2d 808 [43 Cal.Rptr. 209].) The rationale of these decisions is that the Insurance Code subsection defines timely suit, agreement or arbitration as absolute conditions precedent to enforcement of uninsured motorist coverage. (*Pacific Indem. Co.* v. *Superior Court, supra,* at p. 72.) Appellants attempt to distinguish these cases on the ground that a minor's rights may always be protected by his guardian, whereas the absence of an uninsured motorist from the state utterly deprives an injured party of his remedy because jurisdiction is lost. We do not find this reasoning persuasive. Appellants were always able to protect themselves in the present case by filing suit against Irizarry within one year or by starting arbitration proceedings within that time; the latter procedure may be used even where the owner or operator of the uninsured vehicle is unknown to the injured party. (Ins. Code, § 11580.2, subd. (b).) Thus, there is no merit in appellants' argument that they, in contrast to a minor, were helpless to protect themselves during the year following the accident. (See *Firemen's Ins. Co.* v. *Diskin* (1967) 255 Cal.App.2d 502, 510 [63 Cal.Rptr. 177].)

Appellants cite *Estate of Caravas* (1952) 40 Cal.2d 33 [250 P.2d 593], for the proposition that provisions of the Code of Civil Procedure should be applied as exceptions to statutes of limitation in other codes; in *Caravas,* section 354 of the Code of Civil Procedure (statutes of limitation tolled during disability resulting from participation in war) was applied to toll the effect of section 1026 of the Probate Code (five-year limitation on succession claims by nonresident aliens). The California Supreme Court has recently explained how *Caravas* is to be distinguished. In *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 605 [68 Cal.Rptr. 297, 440 P.2d 497], the court held that section 352 of the Code of Civil Procedure excepted a minor from the

statute of limitations generally applicable to actions against the public entity (Gov. Code, § 945.6); the court distinguished the cases which we have cited above on the ground that subdivision (h) "creates a condition for the preservation of a potential cause of action under an insurance policy and does not fix the time for instituting a civil suit against the insurer after a cause of action has accrued" (68 Cal.2d, at p. 605). That is, the tolling statutes of the Code of Civil Procedure will apply to extend the life of a cause of action *already accrued,* but are not to be used to lengthen the time during which an injured party may meet the conditions precedent to the accrual of his cause of action under the uninsured motorist statute in the first instance. This reasoning is equally applicable to section 352, and shows that appellants' reliance upon *Estate of Caravas, supra,* is misplaced.

Appellants contend that the trial court judgment is unfair to the injured party and contrary to California's generally liberal policy with regard to statutes of limitation. (See *Nutt* v. *Nutt* (1966) 247 Cal.App.2d 166 [55 Cal.Rptr. 380].) But appellants had the opportunity for one full year to preserve their rights against respondent. In addition it should be noted that the strict application of section 11580.2, subdivision (h), will not allow a guilty party to escape—the usual reason for liberality in tolling statutes of limitations—but will merely limit appellants' rights against respondent, another innocent party. (See *Firemen's Ins. Co.* v. *Diskin, supra,* 255 Cal.App. 2d 502, 510.)

Appellants contend, finally, that the tolling of subdivision (h) should be allowed here since it will involve no unfairness to respondent. However, the lack of prejudice to one party is not a valid reason to rewrite the statute before us. (See *Travelers Indem. Co.* v. *Kowalski* (1965) 233 Cal.App.2d 607, 610 [43 Cal.Rptr. 843]; *Aetna Cas. & Surety Co.* v. *Superior Court* (1965) 233 Cal.App.2d 333, 339-340 [43 Cal.Rptr. 476].)

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 17, 1969.