[Civ. No. 35985. Second Dist., Div. Five. July 8, 1970.]

LOS ANGELES CITY SCHOOL DISTRICT et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; TOMMY HARVEST, a Minor, etc., Real Party in Interest.

## Counsel

Veatch, Carlson, Dorsey & Quimby, Robert C. Carlson, William W. Huss, Jr., and Henry F. Walker for Petitioners.

No appearance for Respondent.

Hecker & Kenealy and James N. Kenealy, Jr., for Real Party in Interest.

## Opinion

**SELBER, J.**[*] — Petitioners, public entities, seek a writ of mandate and/or prohibition to compel the respondent superior court to vacate its orders, or to restrain the enforcement thereof, granting relief to real party in interest under Government Code section 946.6.

The question presented herein is one of first impression and may be stated as follows: Where a minor claims to have received personal injuries imposing liability therefor upon a public entity and no claim is presented within 100 days of the accrual of his cause but an application to the public entity is made within one year thereof for leave to present a late claim, which application is denied, does respondent superior court, based on the injured youth's status as a minor, have jurisdiction to grant a petition for relief from the provisions of Government Code section 945.4 where such petition is not filed until more than three years after denial of the application for leave to present a late claim despite the provision of Government Code section 946.6 which requires that "The petition [to the court] shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to [Gov. Code] Section 911.6"?

---

[*]Assigned by the Chairman of the Judicial Council.

In setting forth the facts of this case, for convenience we refer to petitioners as defendants and to real party in interest as plaintiff.[1] Plaintiff alleges that he sustained personal injuries on June 3, 1966, while on the premises of San Fernando Valley State College and that as a result thereof he has been rendered a quadraplegic. At all times relevant to the cause of action involved herein plaintiff was a minor.[2] No claim was filed with defendants within the statutory 100-day period following the injury. (§ 911.2.) On the 117th day after his injury, plaintiff applied to defendants for leave to present a late claim, alleging that he had failed to comply with section 911.2 because he had been a minor and physically incapacitated during the entire 100-day period. (§ 911.4.) As required by statute (§ 911.4, subd. (b)) plaintiff attached a proposed claim to his application.[3] There is no contention that the contents of the claim are insufficient or inadequate. Defendants denied the application of plaintiff for leave to file a late claim and notified plaintiff of the denial on November 7, 1966. (§ 911.6.)

On November 14, 1966, plaintiff petitioned the respondent court for leave to present a late claim to defendants. That petition purported to be filed pursuant to former section 912, which, however, had been repealed in 1965. (Stats. 1965, ch. 653, § 5, p. 2011.) Not until July 25, 1969, did plaintiff serve defendants with notice of a hearing on the petition. Upon defendants' motion, the proceeding was dismissed on November 5, 1969. Plaintiff appealed from the order of dismissal, and his appeal is now pending in this court. The appeal is in superior court case No. 897423.

On June 15, 1967, plaintiff filed a complaint for personal injuries against defendants. That action was dismissed as to all defendants, without prejudice.

On December 23, 1969, plaintiff filed the document which gives rise to the present controversy; a petition for relief from the provisions of section 945.4 pursuant to section 946.6. On January 13, 1970, respondent court granted the petition.

In their petition for mandate and/or prohibition, defendants contend that the respondent court acted in excess of its jurisdiction in granting the relief sought by plaintiff, since his petition was not filed within six months after defendants had denied plaintiff's application for leave to present a

---

[1] All citations to code sections refer to the Government Code unless otherwise specifically noted.

[2] Plaintiff was born on April 29, 1949, and therefore did not reach majority until April 29, 1970.

[3] The claim is appended to the petition as Exhibit "A."

claim. (§ 946.6, subd. (b).)[4] It is defendants' position that the time prescribed by section 946.6 is mandatory and jurisdictional.

Plaintiff argues, on the other hand, that under the rationale of *Williams* v. *Los Angeles Met. Transit Authority* (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497], the six-month limitation period contained in section 946.6 subdivision (b) was tolled during plaintiff's minority by the operation of Code of Civil Procedure section 352,[5] and that therefore his petition was timely. We agree with plaintiff.

[4]Government Code section 946.6 provides as follows: "(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of such action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court.

"(b) The petition must show (1) that application was made to the board under Section 911.4 and was denied or deemed denied, (2) the reason for failure to present the claim within the time specified in Section 911.2 and (3) the information required by Section 910. The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed one year after the accrual of the cause of action and was denied or deemed denied pursuant to Section 911.6 and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; or

"(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim; or

"(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time; or

"(4) The person who sustained the alleged injury, damage or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim.

"(d) A copy of the petition and a written notice of the time and place of hearing thereof shall be served not less than 10 days before the hearing on (1) the clerk or secretary or board of the local public entity, if the respondent is a local public entity; or (2) the State Board of Control or its secretary, if the respondent is the state.

"(e) The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition.

"(f) If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter."

[5]Code of Civil Procedure section 352 provides in relevant part: "If a person entitled to bring an action, mentioned in chapter three of this title, be, at the time the cause of action accrued, . . . 1. Under the age of majority; . . . the time of such disability is not a part of the time limited for the commencement of the action."

In the *Williams* case, *supra,* the plaintiff alleged he was injured by the negligent acts of the agents of the defendant, public entity. The plaintiff, a minor, filed a timely claim with the defendant and thereafter filed his action for damages more than six months after the defendant rejected the claim. Section 945.6 requires commencement of an action within six months of the rejection of a claim. The sole question before the court was whether the plaintiff had brought his lawsuit on time. The Supreme Court, in holding for the plaintiff, reasoned that the cause of action was one against a public entity for which a claim must be presented and as such covered by Code of Civil Procedure section 342 which is found within chapter 3 of part 2, title 2, of that code. Section 352 controls actions by minors which are mentioned in chapter 3, and thus the time limitation for the commencement of such an action is tolled as to a minor during his minority.

In seeking a writ in the instant case, defendants contend tthat this proceeding against public entities seeking relief from the requirements of the claim statutes, is not an *action* but rather a presentment of a *claim* and therefore a procedure which falls within section 313 Code of Civil Procedure,[6] as distinguished from an action under section 342 of that code. By attempting to transform the proceeding from an action, to a presentment of a claim, defendants seek to avoid the reasoning and the rule of law established by *Williams.* Defendants' argument for this position is based on the fact that section 946.6 is located within division 3.6 of the Government Code which is specifically mentioned by section 313 Code of Civil Procedure, and that as section 313 is in chapter 1 of the Code of Civil Procedure, not chapter 3, the tolling provision of section 352 Code of Civil Procedure is not applicable. The difficulty with this proposition is that it does not recognize that section 945.6 is also located within division 3.6 of the Government Code and that, as noted, the court in *Williams* found that section to be subject to the tolling provision of section 352 Code of Civil Procedure.

The precise question of whether section 946.6 is subject to section 352 Code of Civil Procedure appears to be unsettled by judicial interpretation. The one case involving an analagous factual situation expressly left the inquiry open. (*Wozniak* v. *Peninsula Hospital* (1969) 1 Cal.App.3d 716, 727 [82 Cal.Rptr. 84].)

---

[6]Code of Civil Procedure section 313 reads as follows: "The general procedure for the presentation of claims as a prerequisite to commencement of actions for money or damages against the State of California, counties, cities, cities and counties, districts, local authorities, and other political subdivisions of the State, and against the officers, employees, and servants thereof, is prescribed by Division 3.6 (commencing with Section 810) of Title 1 of the Government Code."

■ Plaintiff does not dispute that section 946.6 can only be asserted by a minor, who can satisfy the court that he has complied with those sections dealing with the presentment of claims. (Gov. Code, §§ 910, 911.2, 911.4 and 911.6.) Our courts have so held. *Williams* v. *Los Angeles Met. Transit Authority, supra; Ridley* v. *City & County of San Francisco* (1969) 272 Cal.App.2d 290 [77 Cal.Rptr. 199]; *Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 [131 P.2d 831].)

■ Of course in *Williams* the claim was timely filed and then rejected. In *Artukovich* no claim was ever presented by the minor to the public entity. In *Ridley,* the minor presented his claim after the statutory 100-day period had elapsed. However, no application was ever made by the minor for leave to present the claim under section 911.4. The court held that without a proper filing and rejection of the claim, no right accrues to seek relief in the courts. It should also be noted that the court in *Ridley* states at page 292: "If such an application [to present a late claim] is made by a minor, in the absence, at least, of special circumstances, it must be granted. (Gov. Code, § 911.6; *Tammen* v. *County of San Diego,* 66 Cal.2d 468, 479-480. . . .)" In the cited case of *Tammen* the court reversed an order of the Superior Court of San Diego County denying a petition of a minor to file a late claim against the county for damages for wrongful death. At pages 479-480 the court states as follows:

"Third. *Did the court abuse its discretion in denying the petition of the minor?*

"*Yes.* The language of the statute is mandatory, in that the superior court *shall* grant relief if it finds that the minor's application to the board was made within a reasonable time not to exceed one year after the accrual of the cause of action.

". . . . . . . . . . . .

"The Legislature's intent not to require strict adherence to inflexible time limits is manifested by its providing both administrative and judicial remedies for persons under a disability or excusably neglectful who fail to comply with the 100-day period, and its intent to further protect the rights of minors is evinced in the more liberal 1963 claims act.

"Under former section 716 [Gov. Code], leave to present a claim after the statutory time limit expired was authorized only on a finding by the court that the public entity would not be unduly prejudiced thereby. Under the 1963 act, where the claimant is a minor, it is wholly immaterial that the public entity will be prejudiced by the late filing, and the only determination for the court is whether the minor acted diligently in seeking relief from his failure to file within the 100 days.

"In view of the policy of the law toward liberal construction of remedial statutes for the protection of persons within their purview and the modern trend of judicial decisions in favor of granting relief unless absolutely forbidden by statute [citations], we are of the opinion that the court abused its discretion in denying the petition of the minor claimant. As the court said in *Morrill* v. *City of Santa Monica,* 223 Cal.App.2d 703, 708 . . . , 'The language of the sections referred to [former §§ 715-716] was not enacted to penalize minors or to deprive them of their rights in cases where adults may have slept on their rights—quite to the contrary the statutes are to protect minors.' "

The instant case is distinguishable from both *Ridley* and *Artukovich* in that here plaintiff both filed his claim and requested relief by application for leave to present his late claim. If under the mandate of *Tammen* defendants had done what they were supposed to do and granted the application for leave to file the late claim, the case would probably not be before this court for decision on the present issue.

Although they are not directly involved in the instant proceeding, we deem it of interest to make note of those decisions construing Insurance Code section 11580.2, subdivision (i) (all prior to its amendment in 1969; Stats. 1969, ch. 105, § 4, ch. 579, § 1, ch. 668, § 1, ch. 1353, § 4). That section requires an insured motorist to take one of three alternative steps within one year after an automobile accident as a pre-condition to the accrual of a cause of action against his insurance carrier for injuries caused by an uninsured motorist. The courts have uniformly held neither Code of Civil Procedure section 352 nor its companion section[7] tolls the one-year limitation period involved. (*Pacific Indem. Co.* v. *Ornellas* (1969) 269 Cal.App.2d 875 [75 Cal.Rptr. 608]; *Allstate Ins. Co.* v. *Orlando* (1968) 262 Cal.App.2d 858, 865 [69 Cal.Rptr. 702]; *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 70-72 [54 Cal.Rptr. 470]; *State Farm etc. Ins. Co.* v. *Superior Court* (1965) 232 Cal.App.2d 808, 810 [43 Cal.Rptr. 209].) As the court explained in *Williams,* the reason for this is that meeting one of the requirements of Insurance Code section 11580.2, subdivision (i), is a condition precedent to the accrual to the insured of a cause of action against his insurer, and section 352 Code of Civil Procedure applies only to limitation periods which become operative *after* the cause of action has accrued.

We set forth this distinction because the tolling of the limitation period under section 352 Code of Civil Procedure is applicable to a cause of action which has accrued only when the person entitled to file an action thereon

[7]Code of Civil Procedure section 351 (absence from state; *Estate of Caravas* (1952) 40 Cal.2d 33 [250 P.2d 593]).

is under the age of majority at the time of accrual. In *Fonseca* v. *County of Santa Clara* (1968) 263 Cal.App.2d 257 [69 Cal.Rptr. 357], the injury occurred to the minor in 1950. He failed to file a claim within the then existing claims statutes but brought his action for damages against the public entity in 1964. Plaintiff therein contended that his cause of action arising in 1950 was not recognized because of the doctrine of sovereign immunity prior to the decision in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], and that therefore it could not have been embraced within the claims statutes then in effect. The court rejected the contention, stating at page 258: *"Williams* recognizes that even for a minor, presentation of a claim within the period provided by law is a condition precedent to the accrual of a cause of action (*Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 . . . .)" Close reading of both *Williams* and *Artukovich* does not reveal that a presentation of a claim is a condition precedent to the accrual of a cause of action but rather to the filing of an action. We prefer the statement of the rule in *Frost* v. *State of California* (1966) 247 Cal.App.2d 378, 382-383 [55 Cal.Rptr. 652] (disapproved on other grounds in *Williams*), "That a cause of action which might not have been pursued against a public entity prior to *Muskopf* nevertheless existed prior to that decision *and arose at the time of the occurrence of the injuries* is recognized in [citations]. [¶] The filing and rejection of a claim are merely conditions that have been attached to the right of permission to commence and maintain an action against the State. [¶] The distinction between the cause of action and the claim based thereon receives continuing recognition in section 901, Government Code, which is a part of the comprehensive legislative scheme enacted in 1963 to govern the tort liability of public entities." (Italics added.)

█ We hold that the cause of action in the instant case accrued on June 3, 1966, the date plaintiff sustained his personal injuries. Under a more restrictive application the cause of action might be held to have accrued at the date of the rejection of plaintiff's request to file a late claim, November 7, 1966. █ On both of these dates plaintiff was a minor and entitled to the benefits of section 352 Code of Civil Procedure.

█ We further conclude that section 946.6 does not fall within the category of a "claims statute" for the reason that it does not serve the function of a claims statute. That function is to present the public entity with an opportunity to pass upon the validity of a claim before it is judicially evaluated. Former statutes served this purpose by requiring that a claim be considered by a public entity before it could form the basis of an action at law. In the present legislative scheme that objective is achieved by Government Code sections other than 946.6. Section 945.4 provides that no suit shall be brought against a public entity on an action for which

a claim must be presented until the claim has been acted upon by the entity. Section 911.2 requires that the claim be presented within 100 days after the accrual of the cause of action to which it relates. If a minor misses this deadline, he may preserve his rights by applying to the entity for leave to present a late claim (§ 911.4). He must attach a proposed claim to the application, however, and the entity is thus given the same opportunity to act upon its merits as if the claimant had made a timely presentation of the claim.

It is only when the public entity refuses to consider the late claim that section 946.6 comes into operation. This statute does not provide the entity with an additional opportunity to evaluate the claim, but rather permits the claimant who was improperly refused consideration of his grievance to bypass the claim procedure altogether. He is thus relieved from the provisions of section 945.4 and may commence his lawsuit against the entity immediately.

Prior to its repeal in 1965 section 912 clearly qualified as a "claims statute." It is instructive to compare it with its successor, section 946.6, in several respects.

Section 946.6 is contained within part 4 of division 3.6 of the Government Code which is entitled *"Actions* Against Public Entities and Public Employees." (Italics added.) Former section 912, by contrast, was situated in part 3 of division 3.6, entitled *"Claims* Against Public Entities." (Italics added.)

The locations of these two statutes accurately reflect the difference in operation between them. As previously noted section 946.6 permits a bypass of the claim procedure and the filing of an immediate action.[8] By contrast, section 912 channeled the successful petitioner's late claim once again through the claims statute procedure. If relief was granted under section 912, the public entity was given another opportunity to consider the merits of the claim.

In replacing former section 912 with section 946.6, the Legislature expressed its opinion that, on balance, it is less important for the public entity to pass upon the validity of the claim than that the entire panoply of proceedings (administrative and judicial) be expedited. (*Church* v. *County of Humboldt* (1967) 248 Cal.App.2d 855, 858 [57 Cal.Rptr. 79].)

---

[8]Not insignificant, we think, is the circumstance that the court to which a petition under section 946.6 is properly presented is "a competent court for the trial of an action on the cause of action to which the claim relates" and "if the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action . . . must be filed in such court. . . ." (Gov. Code, § 946.6, subds. (a), (f).)

To the extent that a public entity may still complain of prejudice by the late filing (see our quote from *Tammen* v. *County of San Diego, supra*) it would seem that the public entity in this case is prejudiced little more by our decision than by *Williams*. Before a claimant petitions for relief under section 946.6 he must apply to the public entity under section 911.4 for leave to present a late claim. (Gov. Code, § 946.6, subd. (a).) This he must do "within a reasonable time not to exceed one year after the accrual of the cause of action" to which the claim relates, and a proposed claim must be attached to the application. Therefore, under our holding, no less than under that of *Williams,* "the public entity will be afforded the opportunity to investigate promptly the minor's claim and will be alerted to any possible future financial obligations." (*Williams* v. *Los Angeles Met. Transit Authority, supra,* 68 Cal.2d 599, 608.)

The cases of *Dominquez* v. *County of Butte* (1966) 241 Cal.App.2d 164 [50 Cal.Rptr. 448] and *Harvey* v. *City of Holtville* (1967) 252 Cal.App.2d 595 [60 Cal.Rptr. 635], relied on heavily by petitioner, are distinguishable. *Dominquez* does not involve a minor, and *Harvey* makes no reference to the question of the tolling of the statute.

The alternative writ is discharged. The petition for peremptory writ of mandate and/or prohibition is denied.

Stephens, Acting P.J., and Reppy, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied September 3, 1970.