| {.BYRNES, Judge.
On June 10, 1994, the plaintiff, John Michaeli, a resident of California, was a back seat passenger in a Crescent City cab that was rear-ended in the French Quarter. The driver of the other ear emerged from his vehicle, and looked to be drunk and threatening. The plaintiff and his fellow passenger encouraged the cab driver to leave the scene because they feared the other driver. On June 9, 1995, the plaintiff filed this suit naming as the only defendant the relator, his insurer, State Farm Mutual Automobile Insurance Company. The policy was issued in California. The plaintiff served the petition on the Secretary of State of Louisiana. The relator received the petition June 14, 1995. This was allegedly the first notice the relator had of the suit: No other parties were named because the plaintiff did not know the name of the driver of the cab, his cab number, or any information concerning the identity of the other driver, the owner of his car, or any related insurer. The relator moved for summary judgment citing the California Code of Insurance § 11580.2(i)(l) which provides in pertinent part:
No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have been taken within one year from the date of the accident:
(A) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction.
(B) Agreement as to the amount due under the policy has been concluded.
(C) The insured has formally instituted arbitration proceedings by notifying the insurer in [{¡writing sent by certified mail, return receipt requested. Notice shall be sent to the insurer or to the agent for process designated by the insurer filed with the department.
The relator argued that the plaintiff had taken no action to comply with any of the three requirements set out by the California Code. More particularly, the relator argued that suit against the UM carrier did not satisfy the requirement that suit be filed against the uninsured motorist himself. The trial court denied relator’s motion for summary judgment, and stated in part:
The Court finds that it would be a vain and useless thing for the plaintiff to have named a fictitious person in the lawsuit since the plaintiff had no clue as to the identity of the tort feasor. Hence, the law does not require a vain and useless act and the Court finds that it is sufficient compliance with the California Code of Insurance that the lawsuit be filed within one year.
With respect to the fact that the policy requires written notice to the insurer, the Court finds that service of the lawsuit within the one year satisfies the policy requirement of written notice.
The relator seeks this court’s supervisory jurisdiction to review that ruling.
Earlier in this litigation, the relator filed a Motion for Declaratory Judgment recognizing that California law is applicable. The trial court granted the motion and the respondent does not dispute that ruling in his opposition to this writ. Both the trial court and the respondent concede the applicability of California Insurance Code section 11580.2 as quoted above. Moreover, there is no dispute between the parties as to the facts of the instant case relevant to the applicability of the this statute. Therefore, if we find that the statute supports the argument of the relator as a matter of law, relator will be entitled to summary judgment.
California Insurance Code section 11580.2 prescribes timely suit against the uninsured motorist, agreement as to the amount due or the institution of 14arbitration proceedings as “absolute conditions precedent to enforcement of uninsured motorist coverage.” Pacific Indem *657 nity Company v. Ornellas, 269 Cal.App.2d 875, 75 Cal.Rptr. 608 (1969).
But the plaintiff respondent contends, and the trial court in its above quoted ruling agreed, that in the absence of the uninsured motorist who apparently is unknown and unknowable, “it is sufficient compliance with the California Code of Insurance that the lawsuit [against the UM carrier] be filed within one year.” This position is not consistent with either the California cases or with that above quoted provisions of section 11580.2 of the California Insurance Code.
In Pacific Indemnity Company, supra, the plaintiffs argued that “the absence of an uninsured motorist from the state utterly deprives an injured party of his remedy because jurisdiction is lost.” But the court responded:
We do not find this reasoning persuasive. Appellants were always able to protect themselves in the present case by filing suit against [the uninsured motorist] within one year or by starting arbitration proceedings within that time; the latter procedure may be used even where the owner or operator of the uninsured vehicle is unknown to the injured party.

Id.

Following this reasoning of Pacific Indemnity Company, the fact that the uninsured motorist was unknown and unknowable in the instant case does not excuse- the respondent from failing to take advantage of one of the other two options provide by the California statute: either instituting arbitration proceedings or entering into an agreement as to the amount due under the policy. The plaintiff-respondent offers no explanation, reason, or excuse for failing to do so. Moreover, the Pacific Indemnity Company court specifically rejected the plaintiffs’ argument that the statute should not apply because the UM carrier could show no prejudice: “However, the lack of prejudice to one party is not a | svalid reason to rewrite the statute before us.” Id., 269 Cal.App.2d at 878, 75 Cal.Rptr. at 610. There the court went on to explain that the application of the statute is not as harsh -as it might appear when it is remembered that it does not operate to let the guilty party (the uninsured tortfeasor) escape, “but will merely limit appellants’ rights against respondent (the UM carrier), another innocent party.” [Emphasis added.] Id.
In Firemen’s Ins. Co. v. Diskin, 255 Cal.App.2d 502, 508-509, 63 Cal.Rptr. 177, 182 (1967) the court formulated the principle that:
[I]f at some point during the statutory period an opportunity to safeguard the claim existed, the absolute command of the statute will normally be followed, the negative of this principle appears in Myers v. Stevenson, 125 Cal.App.2d 399, 405, 270 P.2d 885,889: “ *** where actual or practical access to the courts is prevented the distinction between so-called substantive and procedural statutes of limitations may be disregarded.”
Applying the Diskin formula to the instant case, we again note that the plaintiff-respondent’s inability to name the uninsured motorist did not prevent him from instituting arbitration proceeding in conformity with the California statute. In Diskin the problem was the reverse of that found in Pacific Indemnity Company. In Diskin the plaintiffs were prevented from instituting arbitration proceedings, but the court held that that disability did not excuse their failure to exercise the alternate option provided by the statute of filing suit against the uninsured motorist:
While the Diskins could not have instituted arbitration proceedings against their own insurer before the insolvency of Preferred Insurance, they Could have fully protected their contingent claim against their own insurer by filing suit against the motorist at fault any time up to March 1963. Since they failed to do so, their rights under the statute against their own insurer expired.
*658 Id., 255 Cal.App.2d at 510, 63 Cal.Rptr. at 183.
| (JDiskin is an excellent example of why Pacific Indemnity Company used such strong language when, as noted previously, it referred to the requirements of the statute “as absolute conditions precedent to enforcement of uninsured motorist coverage.” Id., 269 Cal.App.2d at 877, 75 Cal. Rptr. at 609. In Diskin in the absence of the availability of arbitration, the court found the failure to sue the uninsured motorist inexcusable even though the cause of action against the UM carrier did not accrue until after the expiration of the statutory one year period, because prior to that time the tortfeasor-motorist had been insured. The tortfeasor-motorist in Diskin became uninsured only after the expiration of the one year statutory period as a result of the insolvency at that time of his insurer.
Subsequent to Diskin and Pacific Indemnity Company, the court in Kortmeyer v. California Ins. Guarantee, 9 Cal. App.4th 1285, 1291, 12 Cal.Rptr.2d 71, 74 (1992) stated that:
The one-year limitation provision of section 11580.2, subdivision (i) “creates a condition for the preservation of a potential cause of action under an insurance policy and does not fix the time for instituting a civil suit against the insurer after a cause of action has accrued.” Williams v. Los Angeles Metropolitan Transit Authority (1968) 68 Cal.2d 599, 605 68 Cal.Rptr. 297, 440 P.2d 497. In other words, this provision is not one which tolls a statute of limitations but is a condition precedent to accrual of a cause of action.
We note that a concurring judge in Kortmeyer referred to the statute as “a trap for the unwary and a windfall for insurance companies.” Id., 9 Cal.App.4th 1285, 1294, 12 Cal.Rptr.2d 71, 76. The application of the California statute does seem harsh when applied to the facts of the instant case, especially when compared to the rather liberal attitude Louisiana courts have adopted favoring UM coverage. That same concurring judge in Kort-meyer argues for the repeal of the statute, but in doing so recognizes that unless and until it is repealed, it remains the law. Id.
|7Moreover, we cannot infer from any reasonable reading of the statute that the filing of suit against the UM carrier would satisfy any of the three criteria of the California statute. The only filing of suit mentioned by the statute as fulfilling the requirements thereof is the filing of suit against the uninsured motorist himself. Had the California legislature intended that the filing of suit against the UM carrier alone constitute sufficient compliance with the statute, it would have been only too easy to say as much in the statute. The position of the trial court and the respondent would be correct only if we were to determine that when the California legislature prescribed that “[s]uit for bodily injury has been filed against the uninsured motorist,” that it meant to say instead “... against the UM carrier” or “against either the uninsured motorist or the UM carrier.” It would be arrogant for this Court to attempt to read into the statute of another sovereign state what is-clearly not there, or to suggest that something as obvious as a reference to the UM carrier in a statute concerning UM coverage was omitted by the legislature of California through error or oversight.
No cause of action against the insurer accrues until one of the three alternative conditions precedent of the statute are met. Spear v. California State Automobile Association, 2 Cal.4th 1035, 1039, 831 P.2d 821, 823, 9 Cal.Rptr.2d 381, 383 (1992). Therefore, if we were to read the statute as suggested by the trial court and the respondent, i.e., that suit against the UM carrier satisfies the requirements of the statute, it would mean that statute would, in effect, have to say that the cause of action against the UM insurer accrues when suit is filed against the UM carrier. In other words, the reasoning of the respondent and the trial court means that *659 suit against the UM carrier would precede the accrual of the cause of action against the UM carrier by fulfilling a condition precedent for the accrual of that cause of action. Such reasoning is logically suspect because ]Rwe think of the accrual of the cause of action as a condition precedent for the bringing of a suit, not the other way around. Accordingly, we find that not only is the position of the trial court and the respondent contrary to the statute and the cases, it is logically flawed.
For the foregoing reasons, we find that as a matter of law plaintiff-respondent has failed to satisfy the statutory prerequisites necessary to entitle him to bring this action against his UM carrier. Consequently, the judgment below denying State Farm Mutual Automobile Insurance Company’s motion for summary judgment was in error and is hereby reversed and judgment is rendered dismissing plaintiffs suit against State Farm Mutual Automobile Insurance Company at plaintiffs cost.

WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.