[No. A038351. First Dist., Div. Four. Oct. 30, 1987.]

COUNTY OF ALAMEDA, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
MARVIN MOOS, Real Party in Interest.

**COUNSEL**

Moore, Clifford, Wolfe, Larson & Trutner and David R. Pinelli for Petitioner.

No appearance for Respondent.

Paul D. Fogel, Peter W. Alfert and Hinton & Alfert for Real Party in Interest.

**OPINION**

**SABRAW, J.**—Petitioner County of Alameda challenges an order granting relief from the claim presentation requirement of Government Code section 945.4.[1]

Section 945.4 requires that a written claim be filed with a public entity before suit may be brought against that public entity. The claim must be

---

[1] All statutory references are to the Government Code unless otherwise noted.

filed not later than the 100th day after accrual of the cause of action. (§ 911.2) Although application may be filed for leave to file a late claim, the application itself must be made within a reasonable time not to exceed one year after accrual of the cause of action. (§ 911.4) A court may relieve a petitioner from the provisions of section 945.4 if the court finds that the application under section 911.4 was made within a reasonable time and that "(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; or . . . (3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time. . . ." (§ 946.6, subd. (c).)

. Real party in interest Marvin Moos was injured on August 22, 1985, when his leg was crushed as he worked repairing slide damage on Calaveras Road. He did not learn about the claim-filing requirements until May 14, 1986, when he consulted an attorney. Application to submit a late claim was filed on May 29, 1986, and denied by operation of law. Respondent superior court granted relief under section 946.6 and this court denied a petition for writ of mandate. The Supreme Court granted review and transferred the petition to this court with directions to issue an alternative writ.

█ An order denying a petition for leave to file a late claim under section 946.6, and hence denying relief from the provisions of section 945.4 is appealable. (*Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 723, fn. 2 [173 Cal.Rptr. 4].) An order granting relief is not appealable (*Church* v. *County of Humboldt* (1967) 248 Cal.App.2d 855 [57 Cal.Rptr. 79]) but may be reviewed on appeal by the public entity from an adverse judgment on the merits. (See Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1980) § 5.61, p. 544.) The Supreme Court in *County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 551 [94 Cal.Rptr. 158, 483 P.2d 774], ruled that prohibition would not lie to review an order granting relief. In so ruling, the court remarked: "Appellate review on writ of prohibition both delays trial and increases litigation expense (cf. *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]); yet, in view of the discretion given the trial judge and the principles of review outlined subsequently in this opinion, only in rare cases could an appellate court reverse a trial court order granting relief under section 946.6. Consequently, little benefit could accrue from opening this additional path of review of orders granting relief."

We do not read *County of Santa Clara* as precluding any possibility of a review by writ of mandamus of a decision of a superior court granting relief

from the failure to file a timely claim. (But see dicta in *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 458 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)[2] While the Supreme Court has been reluctant to review interim orders prior to an appeal from the final judgment, it has held that mandate will lie "when that extraordinary relief may prevent a needless and expensive trial . . . ." (*Coulter* v. *Superior Court* (1978) 21 Cal.3d 144, 148 [145 Cal.Rptr. 534, 577 P.2d 669].) Petitioner has alleged in its petition that relief by appeal after judgment cannot afford an adequate remedy "as tremendous amounts of time and energy will be expended in defending this lawsuit." This conclusion, made without reference to any facts, is insufficient to distinguish the instant case from any other suit against a public entity and insufficient to sustain petitioner's burden of showing that the remedy of appeal would be inadequate. (*Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 370 [217 P.2d 951].) However, since the alternative writ has issued and the case has been fully briefed, we proceed to the merits of the petition.

■ Although real party claimed both physical incapacity and excusable neglect, his claim of excusable neglect was grounded primarily on his physical and mental condition following the accident. The evidence in support of his claim revealed that he was hospitalized for several weeks after the accident and underwent surgery on his leg. He returned for further surgery on January 24, 1986, when a bone graft was performed. His doctor testified at deposition that real party had a very difficult time of it with his leg until the bone graft after which he gradually improved. He could ambulate to some extent on crutches before this time but "[u]sually, would come into the office with his poor wife holding the leg and lifting the cast for him." He was taking a "fair amount of medication," the effect of which the doctor was uncertain. The injury had a "profound effect on him mentally" although the doctor could not describe just what the effect was. The doctor, however, could not give any reason why Moos could not have sought legal advice during the relevant period.

In his deposition, Moos testified that the medication he took was Percodan and that he felt he could not think clearly on the medication or tend to important business. A physician familiar with the effects of Percodan testified by affidavit that opioids, of which Percodan is one, "generally induce

---

[2] Although we have found no Supreme Court opinion which has entertained a petition for mandate in the situation where a superior court grants relief, we recognize that intermediate courts have done so upon a showing of abuse of discretion albeit with no discussion of the appropriateness of the writ as a means of relief. (See, e.g., *County of Sacramento* v. *Superior Court* (1980) 105 Cal.App.3d 898 [164 Cal.Rptr. 724]; *City of Fresno* v. *Superior Court* (1980) 104 Cal.App.3d 25 [163 Cal.Rptr. 807]; *El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57 [159 Cal.Rptr. 267].)

in patients a state of apathy toward their painful stimulii and many times toward their surroundings."

Petitioner's response to the application for relief was limited to argument that real party's showing was not sufficient. Petitioner offered no evidence that it suffered prejudice from the failure to file a timely claim.

■ "The determination of the trial court in granting or denying a petition for relief under section 946.6 will not be disturbed on appeal except for an abuse of discretion. [Citation.] . . . . Section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant. [Citation.] The remedial policies underlying the statute are 'that wherever possible cases be heard on their merits, and any doubts which may exist should be resolved in favor of the application.' [Citation.] Thus, '[a]n appellate court will be more rigorous in examining the denial of such relief than its allowance.' [Citation.]" (*Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271].)

Petitioner calls our attention to *Harrison* v. *County of Del Norte* (1985) 168 Cal.App.3d 1 [213 Cal.Rptr. 658], a case decided by this court on generally similar facts. There are distinguishing facts between the two cases but the primary distinction is procedural. In *Harrison* the court *denied* relief and we upheld its discretion. We did not find that the facts required denial *as a matter of law* but only that the superior court did not abuse its discretion in denying relief.

We are mindful of our role as an appellate court as explained in *Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116, 120 [90 Cal.Rptr. 479]: "[W]e must be constantly aware of the different functions performed by the superior court and ourselves. Unless, ultimately, each case of this nature is to be decided by the Court of Appeal as if no trial court had ever acted on the petition, we must be careful to preserve the area of the superior court's discretion and we must do this in fact, as well as in words. It is easy enough to give the appearance that the respective functions of the two courts are being preserved: all we need do is label as an 'abuse of discretion' any ruling with which we happen to disagree." ■ Although the concept of an abuse of discretion is not easy to precisely define, our Supreme Court has recently reiterated the familiar rule that "[a] trial court will be found to have abused its discretion only when it has ' " 'exceeded the bounds of reason or contravened the uncontradicted evidence.' " ' " (*IT Corp.* v. *County of Imperial* (1983) 35 Cal.3d 63, 69 [196 Cal.Rptr. 715, 672 P.2d 121]; see also *Slack* v. *Murray* (1959) 175 Cal.App.2d 558, 563 [346 P.2d 826].)

■ We have no difficulty in concluding that the trial court did not abuse its discretion in finding that real party was excused for his neglect in

failing to file a claim during the 100-day period following the accident. ■ The showing required of a petitioner seeking relief under the authority of section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) Excusable neglect, which may be the result of disability (see 8 Witkin, Cal.Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 155, p. 557), is "'that neglect which might have been the act of a reasonably prudent person under the same circumstances.'" (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 476 [58 Cal.Rptr. 249, 426 P.2d 753].)

■ Petitioner contends that respondent court's finding of excusable neglect was unsupported by the evidence since real party's own doctor testified that he was unaware of any reason why real party could not have consulted an attorney during the 100-day claim period. However, the doctor also testified that the accident had a "profound" effect on real party mentally and that he did not know what the effect of the medication might have been. Considering the evidence of real party that the medication prevented him from thinking clearly and the expert evidence supporting the possibility of such an effect, we conclude that the finding of excusable neglect was not unsupported by the evidence.

Petitioner compares the instant case to *Lutz* v. *Tri-City Hospital* (1986) 179 Cal.App.3d 807 [224 Cal.Rptr. 787] wherein a plaintiff contended his physical incapacity during the 100-day period excused his failure to present a claim to a public hospital. In *Lutz,* the plaintiff did not suggest how his claimed paraplegia prevented him from presenting his claim within the 100-day period. The case is distinguishable on three grounds. In the instant case, Moos has explained the connection between his physical and mental condition and his failure to file a claim and that explanation is supported by the evidence. Second, Moos' medical condition is a basis not only for his contention that failure to file was due to incapacity but also for his contention that his failure to file was due to excusable neglect.[3] Lutz's claim of excusable neglect was based only on an allegation, belied by his own declarations, that Tri-City was a private hospital. Finally, the superior court in *Lutz denied* relief and the appellate court upheld its discretion.

■ A party seeking to be relieved of the claim requirements of section 945.4 must show not only that he failed to file his claim during the 100-day

---

[3] There is a significant difference between these two grounds. If excusable neglect is a ground for failure to file, relief cannot be granted if the public entity establishes that it would be prejudiced by a grant of relief. (§ 911.6, subd. (b)(1).) The ground of physical incapacity carries no such condition. (§ 911.6, subd. (b)(3).) Thus, if a plaintiff establishes that "he was physically or mentally incapacitated during the entire 100-day period, he would be entitled to relief even though the public entity was prejudiced by the delay.

period due to excusable neglect or some other reason cognizable under section 946.6 but must also show that he presented his application to file a late claim within a reasonable time. "The trial court's ruling granting the petition carries with it the implied finding that both requirements of section 946.6 were met." (*El Dorado Irrigation Dist.* v. *Superior Court, supra,* 98 Cal.App.3d 57, 62.) Since petitioner does not attack the implied finding that real party filed his late-claim application within a reasonable time, we need not analyze the facts or examine the court's exercise of discretion in this regard.

The petition for writ of mandate is denied and the alternative writ is discharged.

Anderson, P. J., and Channell, J., concurred.

Petitioner's application for review by the Supreme Court was denied February 25, 1988.