**Mark LUERS, et al., Plaintiffs,**

v.

**Larry SMITH, et al., Defendants.**

**No. EDCV 96–0266 RT (VAPx).**

United States District Court,
C.D. California,
Eastern Division.

Oct. 7, 1996.

Stephen Yagman and Marion R. Yagman, Yagman & Yagman, Venice, CA, for Plaintiff.

John M. Porter & Aaron Hancock, Roberts & Morgan, Riverside, CA, for Defendant.

COURT DETERMINATION THAT IT DOES NOT HAVE JURISDICTION TO DECIDE PLAINTIFFS' MOTION FOR AN ORDER RELIEVING THEM FROM THE PROVISIONS OF CALIFORNIA GOVERNMENT CODE SECTION 945.4

TIMLIN, District Judge.

The motion of plaintiffs Mark Luers and Michael Luers, minors, by their next friend, Diana Luers (plaintiffs), for an order relieving them from the provisions of California Government Code section 945.4 (motion) was submitted for decision.

Marion Yagman, Yagman & Yagman, appeared for plaintiffs. Aaron Hancock, Roberts & Morgan, appeared for defendants.

The court, the Honorable Robert J. Timlin, has reviewed the moving, opposing and reply papers. Based on such review, the court concludes as follows:

Plaintiffs are the minor sons of Edward Luers, who was allegedly shot and killed on February 22, 1995 by Riverside County (County) deputy sheriffs, whom plaintiffs allege were also employed by the City of Moreno Valley (City) at the time of the shooting. Plaintiffs also have sued a number of County and City legislative and administrative officials, City and County in connection with that shooting for damages for violations of 42 U.S.C. section 1983, as well as for negligence, battery and wrongful death, which are state claims supplemental to their federal civil rights claim.

California Government Code section 945.4 requires that before a suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented, a written claim for money or damages must be presented to the public entity and acted upon by its board, or have been deemed rejected by the board. A claim relating to a cause of action for death or injury to a person must be presented no later than six months after the accrual of the cause of action. Cal.Gov.Code, § 911.2.

If such claim is not presented within that time, the claimant may make written application to the public entity for leave to present a

claim late. Cal.Gov.Code, 911.4. Such late claim shall be presented within "a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." Cal.Gov.Code, § 911.4. In computing this one year period, the time during which the person who sustained the injury is a minor shall be counted.

The board of the public entity "shall" grant or deny the application to present a late claim within 45 days after it is presented, unless it and the claimant make a written application to extend such period. If the board fails to act, the application is deemed denied on the 45th day or if the period is extended on the last day of the period within which the board could act on the application. Cal.Gov.Code, § 911.6(c). The board "shall" grant the application if the person who sustained the injury was a minor during all of the time specified in section 911.2 for presentation of the claim. Cal.Gov.Code, § 911.6(b)(2).

If an application to present a claim pursuant to section 911.6 is denied or deemed denied, the would-be claimant may petition a court for an order relieving the petitioner from section 945.4. "The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court." Cal.Gov.Code, § 946.6(a). The granting of the petition does not then require the petitioner to present the claim to the public entity, but instead allows the petitioner to bypass the claims procedure altogether and proceed with the civil action. *Los Angeles City School Dist. v. Superior Court*, 9 Cal.App.3d 459, 467–468, 88 Cal. Rptr. 286 (1970).

■ Plaintiffs' claim accrued on February 22, 1995 when their parent was shot and killed. *Knight v. City of Los Angeles*, 26 Cal.2d 764, 768, 160 P.2d 779 (1945). Therefore, under section 911.2, plaintiffs had until six months after February 22, 1995, i.e., until August 24, 1995, to present a written claim as required by section 945.4. They did not do so, but they had one year from February 22, 1995, i.e., until February 22, 1996, to present an application for leave to present a late claim, pursuant to section 911.4. Plaintiffs did present an application for leave to present a late claim to both the County of Riverside (County) and the City of Moreno Valley (City) on January 19, 1996. County denied plaintiffs' claim on February 28, 1996 (apparently having implicitly granted the application for leave to present a late claim), and City denied plaintiffs' *application to present a late claim* on February 13, 1996. It therefore appears that plaintiffs have complied with the claims requirement for bringing suit against County, and that it is only as to City that plaintiffs need to seek relief under California Government Code section 946.6.

Defendants County and City both oppose the motion on the ground that this court is not the "proper court" within which to file a petition for relief pursuant to California Government Code, section 946.6(a). As noted above, County's opposition is misplaced, because plaintiffs have complied with the claims presentation requirement as to County.

■ The court agrees with City that this court is not the proper court for presentation of plaintiffs' request for relief pursuant to California Government Code, section 946.6, albeit not for the precise reasons delineated in City's opposition. This court currently has supplemental jurisdiction over plaintiffs' state law claims for damages or money based on negligence, battery and wrongful death only because plaintiffs filed an action under federal subject matter jurisdiction in federal court for violation of 42 U.S.C. section 1983 and included these supplemental state claims. However, under California law, plaintiffs could not sue for such claims until they had complied with the claims presentation requirement or obtained relief from such requirements by petitioning the proper court for relief under section 946.6. Section 946.6 contemplates a petition for relief in a separate civil proceeding, not a motion in an action which has already been filed in either

state or federal court. This court does not have federal subject matter or supplemental state claim jurisdiction over such a petition.

Furthermore, assuming arguendo that section 946.6 could establish jurisdiction over such a petition in federal court, it does not appear that the provision in section 946.6 that the "proper court for filing the petition" is "a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action," was intended to include a federal court, as well as a state court, as one of the "proper" courts. Specifically, the Law Revision Commission Comments to section 946.6 noted that the language related to "proper court" was adopted to eliminate a "State venue problem" caused by the fact that without such language, venue for a petition related to claims against the state could only lie in counties in which the Attorney General maintains an office, i.e., at that time, Sacramento, San Francisco and Los Angeles.

For the foregoing reasons, the court concludes that it does not have jurisdiction to determine plaintiffs' motion for relief from the requirements of section 945.4.