**Dennes HERNANDEZ, Plaintiff,**

v.

**Isaac McCLANAHAN; Jefferson High School District; Detective Jim Murphy; City of Daly City, CA; Officer Robert W. Lown; Officer Taylor; Sgt. Baird; Detective Mike Mitchell; City of Fairfield, CA; County of San Mateo, CA; County of Solano, CA; and Does 1–50, Defendants.**

No. C 97–4366 VRW.

United States District Court, N.D. California.

March 4, 1998.

As Amended April 28, 1998.

---

G. Michael German, G. Michael German Law Offices, San Francisco, for Plaintiff.

Kim E. Colwell, Bertrand Fox & Elliot, San Francisco, CA, for defendant City of Fairfield.

Wendy Gomez Getty, Office County Counsel, Fairfield, CA, for defendant County of Solano.

## ORDER.

WALKER, District Judge.

Plaintiff Dennes Hernandez brings this action against several public entities and their employees under 42 U.S.C. § 1983 claiming various civil rights violations. Hernandez also asserts various tort claims against these defendants pursuant to the California Tort Claims Act of 1963 (CTCA). See Cal. Govt. Code § 810 et seq. Currently pending before the court is Hernandez's petition for relief from the CTCA's claim filing requirements. For the following reasons, the court will dismiss Hernandez's petition for lack of subject matter jurisdiction and dismiss his CTCA claims without prejudice.

### I

On December 3, 1996, Daly City police officers arrested Hernandez for shop-lifting and commercial burglary. The police held Hernandez in custody for two weeks. When the charges against him were dismissed, he was released. During Hernandez's detention, his father hired an attorney for him. Advised by this attorney, Hernandez decided to bring suit for unlawful arrest and detention. The attorney promised to file suit "in a nearby court" and call Hernandez soon thereafter.

According to Hernandez, between February and July 1997, the attorney failed to return Hernandez's calls.[1] In early July, Hernandez finally spoke to the attorney, but they never had a meeting. Hernandez continued to attempt to schedule a meeting with the attorney, but these efforts proved fruitless.

At this point, Hernandez retained a new lawyer, Michael German.[2] After some delay, German was able to secure the case file from

---

1. The court notes its concern that Hernandez's former attorney may have violated his professional obligation to communicate with his client. See *McMorris v. State Bar of California*, 35 Cal.3d 77, 82–85, 196 Cal.Rptr. 841, 672 P.2d 431 (1983); see also Model Rules of Professional Conduct § 1.4.

2. German has submitted both oral and written arguments to the court, and his work suggests that Hernandez is now represented by able counsel.

the former attorney. On November 19, 1997, German filed applications with defendants for permission to file late tort claims pursuant to Cal. Govt. Code § 911.4. All of these applications were denied or deemed denied for purposes of the CTCA. On December 2, 1997, plaintiff filed his complaint against defendants and on January 16, 1998, he filed the pending petition for relief from the CTCA's claim filing requirements.

## II

█ Like all other states, California enjoys sovereign immunity against tort claims for money damages. The CTCA represents a limited waiver of this immunity. Plaintiffs can therefore bring tort claims against state and local public entities only if the plaintiffs comply with the strict procedural requirements enumerated in the CTCA. See Cal. Govt. Code § 815. Among the procedural prerequisites for suit is the CTCA's requirement that a claimant file a written claim with the proper public entity. See id. §§ 905 and 905.2. Such a claim must be presented to the relevant public entity no later than six months after the cause of action accrued. See id. § 911.2. Compliance with the CTCA filing requirements is mandatory; failure to present a claim within this six month period is a bar to future tort suits. See *San Jose v. Superior Court,* 12 Cal.3d 447, 455, 115 Cal. Rptr. 797, 525 P.2d 701 (1974). In the instant case, Hernandez failed to present timely claims to the relevant public entities, and unless he obtains relief from the requirements of the CTCA, he is barred from bringing his tort claims.

A claimant who fails to present a timely claim to the relevant public entity has two avenues for relief from the CTCA's requirements. First, pursuant to section 911.4, the claimant must present a written application for leave to present a late claim to the relevant entity. The claimant must do so no more than one year after the cause of action accrued. See id. § 911.4 (claimant must also specify a reason for his delay in presenting the claim). As mentioned above, Hernandez filed timely applications for leave to file late claims, but these applications were denied.

In the event that such applications are denied, a claimant may seek judicial relief from the CTCA's requirements. See Cal. Govt. Code § 946.6. Currently before the court is Hernandez's section 946.6 petition.

## III

Hernandez asserts that the court has supplemental jurisdiction over both his state law claims and his section 946.6 petition pursuant to 28 U.S.C. § 1367. The court finds, however, that (1) it lacks subject matter jurisdiction over the pending petition and (2) Hernandez's state law claims fail to state a cause of action. The court will address each of these issues in turn.

### A

█ Federal courts are courts of limited jurisdiction. Lack of subject matter jurisdiction may be raised at any time and by any party. See *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 16–18, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Attorneys Trust v. Videotape Computer Prods., Inc.,* 93 F.3d 593, 594–95 (9th Cir.1996); *Morongo Band of Mission Indians v. California State Board of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988). A district court may sua sponte raise the issue of lack of subject matter jurisdiction and dismiss the defective action. See FRCP 12(h)(3); *In re Disciplinary Action Against Mooney,* 841 F.2d 1003, 1006 (9th Cir.1988).

█ The party asserting jurisdiction always bears burden of establishing subject matter jurisdiction. The court, in effect, presumes lack of jurisdiction unless the asserting party can prove otherwise. See *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989). A jurisdictional defect cannot be waived by either or both parties to a lawsuit. See FRCP 12(h)(3); *Sosna v. Iowa,* 419 U.S. 393, 398, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Billingsley v. C.I.R.,* 868 F.2d 1081, 1085 (9th Cir.1989).

█ As discussed above, a plaintiff who has failed to comply with the CTCA's filing or late filing provisions may petition for judi-

cial relief under section 946.6. To obtain such relief, a plaintiff must follow the procedures outlined in the CTCA:

> Where an application for leave to present a claim is denied * * *, a petition may be made to the court for an order relieving the petitioner from [the CTCA]. The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court.

Cal. Govt. Code § 946.6; see also *Luers v. Smith,* 941 F.Supp. 105, 107 (C.D.Cal.1996) (concluding that section 946.6 petitions are separate civil actions). This court is not the "proper court" to hear Hernandez's section 946.6 petition. See *Luers,* 941 F.Supp. at 108 (noting that the Law Revision Commission comments show that the legislature did not intend for federal courts to hear section 946.6 petitions).

In addition to the legislative history of section 946.6 and the *Luers* decision, principles of federalism prevent federal courts from entertaining section 946.6 petitions. It is a fundamental tenet of federalism that waivers of sovereign immunity must come from the particular governments that will be subject to the resulting liability. For example, at common law, the doctrine of sovereign immunity exempted federal, state and local governments from tort liability arising from governmental activities except where a particular liability was imposed by statute. See *People v. Superior Court,* 29 Cal.2d 754, 756, 178 P.2d 1 (1947).

■ Similarly, the Eleventh Amendment generally provides immunity to states from being sued by private citizens in federal court without the state's consent. This serves to protect the sovereign states from the imposition of monetary judgments by federal courts, thus maintaining their political autonomy. Eleventh Amendment immunity may be waived only in limited circum-

stances. See *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), citing *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 466–67, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Waiver by a state statute must be found in the express language of the statute or by " 'such overwhelming implications from the text as [to] leave no room for any other reasonable construction.' " *Id.* 415 U.S. at 673, quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909). In other words, federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so. See Federalist 81 (Hamilton) in Clinton Rossiter, ed, *The Federalist Papers* 481, 487–88 (Mentor, 1961).

■ This principle applies to the matter at bar. Through the CTCA, the legislature has created a guarded exception to California's sovereign immunity. The legislature has explicitly required claimants to explore procedural remedies before bringing suit. Section 946.6 is an alternative of last resort. Because the application of this alternative necessarily involves a judicial decision regarding the waiver of California's immunity, section 946.6 petitions must be left to the state judiciary. Absent an express directive from the legislature to the contrary, the court lacks subject matter jurisdiction to consider section 946.6 petitions.

As a result, the court will therefore dismiss Hernandez's section 946.6 petition for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) and 12(h)(3). In doing so, the court notes that this order in no way precludes Hernandez from bringing a similar petition in the appropriate California state court.

B

■ Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. See *Levine v. Diamanthuset,* 950 F.2d 1478, 1483 (9th Cir.1991). If a court can determine unequivocally from the face of the complaint that the plaintiff is not entitled to some form of remedy, the court must dismiss the complaint. See *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th

Cir.1978). The court may dismiss a complaint on its own initiative for failure to state a claim under Rule 12(b)(6) if the inadequacy of the complaint is apparent as a matter of law. See *Shawnee Int'l N.V. v. Hondo Drilling Co.*, 742 F.2d 234 (5th Cir.1984).

■ Compliance with the CTCA's filing requirements is mandatory. See Cal. Govt. Code § 945.4; *San Jose,* 12 Cal.3d at 455, 115 Cal.Rptr. 797, 525 P.2d 701. The Ninth Circuit has ruled that these procedural requirements (and compliance with them) are "substantive elements of the cause of action." See *United States v. State of California,* 655 F.2d 914, 918 (9th Cir.1980). Although federal courts do not have jurisdiction over section 946.6 petitions, it is proper for federal courts to determine whether a plaintiff bringing tort claims against a public entity has complied with the CTCA. See id. at 918–19; *Boxall v. Sequoia Union High Sch. Dist.,* 464 F.Supp. 1104, 1113 (N.D.Cal.1979). Similarly, federal courts can hear valid CTCA claims pursuant to their supplemental jurisdiction.

By submitting a section 946.6 petition, Hernandez has implicitly admitted that he has not yet complied with the CTCA. Judicial relief pursuant to section 946.6 is his only method of compliance. Because the court cannot provide him with such relief, Hernandez's tort claims fail to state a claim. The court will therefore dismiss these claims without prejudice.

The court notes that if Hernandez successfully petitions the appropriate state court for relief from the CTCA's requirements, he may then seek to pursue his tort claims.

### IV

For the foregoing reasons, the court:

1. DISMISSES Hernandez' section 946.6 petition (Doc # 3, Pt # 1) for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) and 12(h)(3); and

2. DISMISSES Hernandez' state law tort claims without prejudice pursuant to Rule 12(b)(6).

IT IS SO ORDERED.