Javier PEREZ, a minor; Yesenia Perez, a minor; and Estela Perez, an individual, Plaintiff,

v.

CITY OF ESCONDIDO, a governmental entity; Escondido Police Department, a governmental entity; Duane White, an individual; Officer J. Murphy, an individual; Sergeant Lanigan, an individual; and Does 1 through 10, Defendants.

No. CIV. 01–0410 K(AJB).

United States District Court,
S.D. California.

Aug. 6, 2001.

Leon Saad, San Diego, CA, for Estela Perez.

Carl Lewis, La Jolla, CA, for Javier and Yesenia Perez.

Mark Waggoner, Escondido, CA, for defendants.

Order Granting Plaintiffs' Petitions for Relief from Claim Requirement Pursuant to California Tort Claims Act (Cal. Gov.Code § 946.6) [Doc. Nos. 3 and 4]

BATTAGLIA, United States Magistrate Judge.

In two separate applications Plaintiff Estela Perez, on her own behalf and on behalf of her minor children Javier and Yesenia Perez, petitions the Court under California Government Code § 946.6 for relief from the claim requirement pursuant to the California Tort Claims Act. Defendants have filed an opposition as to both petitions and Plaintiffs have filed separate reply briefs. A hearing was held before Magistrate Judge Battaglia on August 2, 2001. Leon Saad appeared for Plaintiff

Estela Perez and Carl Lewis appeared for Plaintiffs Javier and Yesenia Perez. Mark Waggoner appeared on behalf of Defendants. For the reasons set forth herein, Defendants' argument that this Court lacks subject matter jurisdiction over the pending petitions is rejected and the petitions are GRANTED.

### Background

The complaint filed on March 8, 2001 alleges violation by Defendants of Plaintiffs' civil rights under 42 U.S.C. § 1983. The complaint alleges that Escondido Police Officers White and Murphy shot Plaintiff Javier Perez on the evening of March 10 or early morning of March 11, 2000 [Complaint, ¶¶ 18, 20, 21]. Plaintiff Javier Perez was, at the time of the incident and at the time of the filing of the complaint, a minor. According to the complaint, the shooting occurred while Plaintiff Javier Perez was on the phone seeking assistance from a 911 operator [Complaint, ¶ 18]. When the operator told him to proceed out the front door of his home where there would be people waiting to help him, Plaintiff Javier Perez did so and was shot by the Defendant police officers [Complaint, ¶ 19]. As a result of the shooting, Javier Perez underwent brain surgery and suffered a stroke, resulting in substantial and permanent neurological and cognitive impairment [Declaration of Estela Perez in Support of Petition for Relief, ¶¶ 6–7].

Plaintiff Yesenia Perez is also a minor and is Plaintiff Javier Perez's sister [Complaint, ¶¶ 47–48]. Plaintiff Estela Perez is Plaintiff Javier Perez's mother [Complaint, ¶ 65–66]. According to the Complaint, both Yesenia and Estela Perez were in the immediate vicinity of the shooting and actually witnessed the shooting of Javier [Complaint, ¶¶ 45–46, 69–70]. Plaintiffs seek various remedies under 42 U.S.C. § 1983. The Plaintiffs also note that they will seek to obtain relief from the claim filing requirement under the California Code provisions, and will then request this Court to exercise supplemental jurisdiction over California statutory and common law tort claims.

With regard to Plaintiffs' attempts to comply with the California Tort Claims Act, Plaintiffs' petitions set forth the following facts. After the shooting of Javier Perez on March 10–11, 2000, Javier was continuously hospitalized for a forty-five day period [Declaration of Estela Perez in Support of Petitions, ¶ 9]. Thereafter, Javier received additional treatment and assessment for his injuries on both an inpatient and out-patient basis [Perez Decl., ¶ 10]. In addition to the physical injuries suffered by Javier, Yesenia Perez who was in the immediate vicinity of the shooting, had to undergo counseling for the trauma suffered as a result of the events [Perez Decl., ¶ 11].

During the months following the shooting, Estela Perez was overwhelmingly concerned for both her son's life and her daughter's emotional health [Perez Decl., ¶ 12]. In addition, Estela Perez was extremely concerned about the large medical bills incurred as a result of the shooting [Perez Decl., ¶ 13]. As a result of all these factors, Estela Perez was unable to think about anything other than her children's well-being and how to cope with her family's daily needs [Perez Decl., ¶ 14]. During the period from March through September 2000, Estela Perez was overwhelmed and emotionally unable to focus on anything other than her son's survival [Perez Decl., ¶ 15]. In addition, as a single parent, she was required to continue working full time while trying to obtain care for her children in the period following the shooting and through late September [Id.].

Estela Perez began trying to retain a lawyer to assist her in late September of 2000 relative to the mounting medical bills,

but was unable to secure anyone's assistance until October 27, 2000 [Perez Decl., ¶ 16]. Prior to obtaining legal assistance, Estela Perez was unaware of what legal rights she and her children had as against the Defendants, and was unaware of the claims requirement and time to present those claims [Perez Decl., ¶ 17]. Within a week of obtaining counsel, a claim was presented to the City of Escondido on behalf of all Plaintiffs on November 3, 2000 [Perez Decl., ¶ 18]. That claim was rejected on November 6, 2000 [Perez Decl., ¶ 19]. An application to present a late claim was then made on behalf of Estela Perez under section 911.6 of the California Government Code on November 16, 2000. A similar petition was made on behalf of Plaintiffs Javier and Yesenia Perez on December 6, 2000. These applications were denied on January 3 and January 23, 2001, respectively [Perez Decl., ¶¶ 20 and 21].

After this complaint was filed on March 8, 2001, Plaintiffs filed their petitions for relief under Cal. Gov.Code § 946.6 on June 29, 2001.

### Discussion

Initially, Defendants oppose the petitions on the grounds that this Court is without jurisdiction to adjudicate the petition for relief. As to Plaintiffs Javier and Yesenia Perez, Defendants offer no substantive opposition. As to Plaintiff Estela Perez, Defendants argue that she has not demonstrated sufficient grounds for relief.

1. *Jurisdiction to Adjudicate the Petitions*

■ Relying on two published opinions from district courts in the Northern and Central Districts of California, Defendants conclude that this Court is without jurisdiction to adjudicate a petition for relief from the requirements of the California Tort Claims Act. The California Tort Claims Act provides judicial relief for those whose application for leave to present a late claim has been denied as follows:

(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. *The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates* and which is located in a county or judicial district which would be a proper place for the trial of the action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court.

Cal. Gov.Code § 946.6. The granting of a petition under section 946.6 allows the petitioner to bypass the claims procedure altogether, and does not then require the re-filing of a late claim. *See Los Angeles City School Dist. v. Superior Court*, 9 Cal. App.3d 459, 467–68, 88 Cal.Rptr. 286 (1970). Based upon an interpretation of the italicized portion of the above statutory provision, two federal district courts have determined that federal courts are without jurisdiction to hear and determine a petition under section 946.6.

In *Luers v. Smith*, 941 F.Supp. 105 (C.D.Cal.1996), Plaintiffs were the minor sons of a man shot and killed by Riverside County/City of Moreno Valley sheriffs deputies. Plaintiffs brought suit under 42 U.S.C. § 1983, and included supplemental tort claims. The court in *Luers* concluded that the claims requirements of section 946.6 were jurisdictional, such that the state tort claims could not be brought in any court until there had been compliance with the California Tort Claims Act. *Luers*, 941 F.Supp. at 107. The court went on to conclude that "Section 946.6 contemplates

a petition for relief in a separate civil proceeding, not a motion in an action which has already been filed in either state or federal court" and that "[t]his court does not have federal subject matter or supplemental state claim jurisdiction over such a petition." *Id.* at 107–08.

Finally, the court concluded that even if jurisdiction could be established, the language of section 946.6 (specifically that a "proper court" was "a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action") was not intended to include a federal court. The *Luers* court pointed to language in the Law Revision Commission Comments to section 946.6 indicating that the "proper court" language was inserted to eliminate a "State venue problem" created by previous provisions allowing a petition seeking relief against the State to be brought only in a county where the Attorney General maintains an office, "i.e. at that time, Sacramento, San Francisco and Los Angeles." *Luers,* 941 F.Supp. at 108.

This Court finds the court's decision in *Luers* to be unpersuasive. First, the *Luers* court's conclusion that compliance with section 946.6 is jurisdictional is incorrect. The California Supreme Court has explicitly held that "compliance with the claim statute is not jurisdictional with respect to the power of a court to give judgment against the governmental agency where no claim was filed." *County of Santa Clara v. Superior Court,* 4 Cal.3d 545, 550, 94 Cal.Rptr. 158, 483 P.2d 774 (1971). A federal court properly exercises supplemental jurisdiction over state law claims transactionally related to federal claims. 28 U.S.C. § 1367(a). Because the state law claims which Plaintiffs seek to add are transactionally related to those brought in the complaint under 42 U.S.C.

§ 1983, this Court has supplemental jurisdiction over such causes of action.

Second, the plain language of section 946.6 provides for the filing of a petition for relief in this Court. The section provides that a "proper court" is one "which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action" The court in *Luers* took a strained view of this wording and relied upon the Law Revision Commission Comments to say this provision vests jurisdiction only in the state courts. However, the comment relied upon in *Luers* notes merely that under the revised statute *venue* for the petition lies in any court where the underlying action may be brought. This is reinforced by section 946.6(f) which provides that "[i]f the court makes an order relieving the petitioner from Section 945.4, suit on the cause of action to which the claim relates shall be filed *with the court* within 30 days thereafter." This subsection suggests that upon the granting of a petition, the cause of action should be filed in the same court which addressed the merits of the petition. Because the state tort claims may be brought by Plaintiffs in this Court pursuant to the Court's supplemental jurisdiction, the petition under § 946.6 may also be brought in this Court. The language relied upon by the court in *Luers* addresses venue, not jurisdiction. Defendants do not argue that venue in this Court is improper.

The other case relied upon by Defendants is *Hernandez v. McClanahan,* 996 F.Supp. 975 (N.D.Cal.1998). In *Hernandez,* the court again concluded without citation to any authority other than *Luers* that it lacked subject matter jurisdiction over the petition under Government Code section 946.6 and that only a state court

can hear such a petition. *Hernandez*, 996 F.Supp. at 978. The court further found that the principles of comity and sovereign immunity under the Eleventh Amendment precluded the exercise of jurisdiction over these petitions by federal courts, concluding that "[b]ecause the application of this alternative [of relief for a late claim] necessarily involves a judicial decision regarding the waiver of California's immunity, section 946.6 petitions must be left to the state judiciary." *Id.* The court in *Hernandez* concluded that "[w]aiver [of sovereign immunity] by a state statute must be found in the express language of the statute or by 'such overwhelming implications from the text as [to] leave no room for any other reasonable construction'." *Id.* (quoting *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

What the court in *Hernandez* ignores is that the state of California has explicitly, by and through the California Tort Claims Act, waived sovereign immunity in certain particular circumstances. Therefore, the question is not whether the state has intended to waive its immunity. The only question is whether a federal court may apply the language of the state statute and determine whether the petitioner is entitled to relief. The approach adopted by the courts in *Luers* and *Hernandez*, finding that a federal court is without jurisdiction to make such a determination, finds no basis in the language of section 946.6. Nothing in the language of section 946.6 precludes a federal court from adjudicating the merits of a petition for relief. The only provision pointed to by either of the courts in *Luers* and *Hernandez* is a *venue* provision.

Plaintiffs here have complied with the plain language of section 946.6 of the Government Code and have brought this petition for relief in "a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action...."

> Section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant....The remedial policies underlying the statute are "that wherever possible cases be heard on their merits, and any doubts which may exist should be resolved in favor of the application."

*County of Alameda v. Superior Court*, 196 Cal.App.3d 619, 624, 242 Cal.Rptr. 215 (1987) (quoting *Ebersol v. Cowan*, 35 Cal.3d 427, 435, 197 Cal.Rptr. 601, 673 P.2d 271 (1983)). There is no plain language in section 946.6 depriving this Court of jurisdiction. It would not further the remedial purpose of the statute to deny the petition, require Plaintiffs to re-file their petitions in Superior Court, file their tort causes of action in state court upon the granting of the petitions, and then to have the claims removed to this Court again and joined with the current case. This Court is of competent jurisdiction to decide the merits of the Plaintiffs' petitions for relief under Government Code section 946.6 and Defendants' arguments to the contrary are rejected.

### 2. Merits of the Petitions

#### A. Javier and Yesenia Perez

As to the petition of Plaintiffs Javier and Yesenia Perez, Defendants offer no substantive opposition. Subdivision (c)(2) of section 946.6 provides as follows:

> The court shall relieve the petitioner from Section 945.4 if the court finds that the application to the board under section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to

Section 911.6 and that one or more of the following is applicable:

\*    \*    \*    \*    \*    \*

(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim.

Cal. Gov.Code § 946.6. Both Javier and Yesenia are minors and therefore are entitled to relief from the claims requirements under section 946.6(c)(2) of the Government Code. Defendants have made no claim that the application to file a late claim under § 911.4 was not made within a reasonable time. The original application by these minors was filed on November 6, 2000, less than 60 days late. Upon rejection of the initial claim, an application to present a late claim under § 911.4 was made on behalf of Javier and Yesenia Perez on December 5, 2000, less than 30 days later. Defendants cannot argue the petition for relief under § 911.4 was not made "within a reasonable time." Because Defendants have provided no substantive opposition, and because the plain language of Government Code § 946.6 mandates relief for Yesenia and Javier Perez, their petition is GRANTED.

### B. Estela Perez

■ Defendants oppose the petition of Estela Perez, arguing that she has failed to justify the relief sought. At the hearing held before Magistrate Judge Battaglia on August 2, 2001, the Court focused on Plaintiffs' showing that Estela Perez was entitled to relief. Section 946.6(c)(1) provides relief where "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from Section 945.4." In adjudicating a petition under section 946.6, the following standard has been set forth by California courts:

The showing required of a petitioner seeking relief under the authority of section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. . . . Excusable neglect, which may be the result of disability . . . is "that neglect which might have been the act of a reasonably prudent person under the same circumstances."

*County of Alameda v. Superior Court,* 196 Cal.App.3d 619, 625, 242 Cal.Rptr. 215 (1987) (quoting *Tammen v. County of San Diego,* 66 Cal.2d 468, 476, 58 Cal.Rptr. 249, 426 P.2d 753 (1967)). Further, the California Supreme Court has noted that it is "a well-recognized policy of the law to liberally construe remedial statutes designed to protect persons within their purview." *Viles v. State of California,* 66 Cal.2d 24, 33, 56 Cal.Rptr. 666, 423 P.2d 818 (1967).

In reviewing a petition for relief, "[t]he court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." Cal. Gov.Code § 946.6(e). A court reviewing a petition under section 946.6 exercises broad discretion in granting or denying relief. *See Viles,* 66 Cal.2d at 29, 56 Cal.Rptr. 666, 423 P.2d 818; *see also County of Santa Clara v. Superior Court,* 4 Cal.3d 545, 552, 94 Cal.Rptr. 158, 483 P.2d 774 (1971). Here, Estela Perez indicates that she was unable to submit a claim within six months because "Petitioner, a single mother, was devastated by having witnessed the shooting of her son, by having her life and that of her daughter placed in immediate jeopardy by bullets directed at her home." [Memorandum of Points and Authorities in Support of Petition of Estela Perez, at p. 6 (citing to

Perez Decl., ¶¶ 11–13) ]. Thereafter, Estela Perez "had to cope with caring daily for her son and daughter while maintaining her employment and was concerned with the rapidly mounting medical bills." [Id. (citing to Perez Decl., ¶ 15) ]. Until she contacted an attorney, Estela Perez was unaware of her legal rights and the claims requirements under the California Tort Claims Act [Perez Decl., ¶ 17]. Thereafter, she acted promptly within less than a month after counsel was retained, to submit a claim for relief.

Plaintiffs have cited County of Santa Clara v. Superior Court, 4 Cal.3d 545, 548–49, 94 Cal.Rptr. 158, 483 P.2d 774 for the proposition that emotional trauma arising from injury or death to one's child can constitute excusable neglect justifying relief under section 946.6 of the Government Code. Conversely, Defendants have cited Bennett v. City of Los Angeles, 12 Cal. App.3d 116, 90 Cal.Rptr. 479 (1970) for the proposition that emotional distress resulting from the death of a child is an inadequate ground for relief. The facts of these cases, and the circumstances under which the courts found relief to be appropriate or inappropriate under § 946.6, are distinguishable from those presented by Ms. Perez's petition in this case and do not provide a particular basis for the grant or denial of the current petition. Instead, these cases underscore the proposition that the trial court is vested with discretion to determine the circumstances under which relief is appropriately granted.

Upon full review of the materials submitted by both parties and the argument presented at the August 2, 2001 hearing, the Court finds that Estela Perez has demonstrated "mistake, inadvertence, surprise or excusable neglect" sufficient to justify relief under § 946.6. Ms. Perez's son was hospitalized for a month and a half after the incident. In addition to the physical needs of her son, Ms. Perez was responsible to provide for the emotional needs of her daughter and herself. In order to provide financially for the family, Ms. Perez was required to continue working full time. These factors support Ms. Perez's assertion that she was "overwhelmed" and unable to focus on anything other than her son's survival and the daily needs of her family during the period following the shooting. The petition states that Petitioner first made attempts to secure legal assistance with regard to the mounting medical bills and the actions of Defendants in late September. She was unable to retain counsel until October 27, 2000, and she promptly submitted a claim within a week thereafter.

A petitioner must act diligently in pursuing recourse to justify relief from the claims requirement. Bennett, 12 Cal. App.3d at 121, 90 Cal.Rptr. 479. Further, a claim of ignorance of the claims requirements is not a ground for relief absent some showing of diligence in attempting to learn those rights. Tsingaris v. State, 91 Cal.App.3d 312, 154 Cal.Rptr. 135 (1979). Here, however, the Court finds persuasive the evidence presented that Ms. Perez was simply too overwhelmed by the circumstances facing her to mount an investigation regarding her legal remedies against the Defendants. The Court finds this suffices for the showing of excusable neglect required under § 946.6 under the circumstances of this case. The neglect demonstrated satisfies the standard of "that neglect which might have been the act of a reasonably prudent person under the same circumstances." Tammen v. County of San Diego, 66 Cal.2d 468, 476, 58 Cal.Rptr. 249, 426 P.2d 753 (1967).

Furthermore, Defendants have made no showing of prejudice. The language of 946.6(c)(1) indicates that where excusable neglect has been demonstrated, relief is appropriate "unless the public entity es-

tablishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner ...." Here, regardless of whether Ms. Perez receives relief to bring her state tort claims, she has causes of action against Defendants under 42 U.S.C. § 1983. The proof on the state claims is likely to mirror that to be presented with regard to the federal civil rights claims, and there is nothing to suggest Defendants have been at all prejudiced in their defense of the tort claims by reason of the brief delay.

For all of these reasons, the Court finds that Ms. Perez is properly excused from the requirements of the California Tort Claims Act pursuant to the provisions of California Government Code § 946.6 and her petition is also GRANTED.

#### Conclusion

For the reasons set forth herein, the Court hereby rejects Defendants' argument that this Court is without jurisdiction to adjudicate a petition under Cal. Gov. Code § 946.6. The petitions of Estela, Javier, and Yesenia Perez for relief from the California Tort Claims Act are hereby GRANTED. Plaintiffs may file an amended complaint within 30 days of the filing of this order setting forth their additional causes of action.

IT IS SO ORDERED.