Filed 6/18/26  De Leon v. The Metro. Water Dist. of So. Cal. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MELANIE DE LEON, | D087939 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 30-2024-01428207-CU-PT-CJC) |
| THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Orange County, Sally Wu, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Aly & Bove, Brooke L. Bove and Mohammed W. Aly, for Plaintiff and Appellant.

Marcia L. Scully, Betty L. Kuo Brinton and Elliot H. Min, for Defendants and Respondents.

Melanie De Leon was injured in a vehicle collision involving The Metropolitan Water District of Southern California.  Under the Government Code, De Leon can only file suit against Metropolitan, a public entity, if she

first presented a written claim to Metropolitan and Metropolitan acted on or was deemed to have rejected her claim. (Gov. Code, § 945.4.)

De Leon's counsel failed to discover Metropolitan was a public entity until it was too late to timely present De Leon's injury claim. (See § 911.2, subd. (a).) De Leon presented a late claim, which Metropolitan returned without action due to its untimeliness. (See § 911.3.) De Leon subsequently applied to Metropolitan for leave to present a late claim. (See § 911.4.) Metropolitan did not act on her application within 45 days, thereby denying it. (See § 911.6(c).)

De Leon petitioned the trial court for relief from the claim presentation requirement. (See § 946.6.) The trial court denied her petition. De Leon appeals, arguing the court abused its discretion in denying her petition due to the excusable neglect of her attorney. Finding no abuse of discretion, we affirm.

I.

De Leon was driving on the freeway when her car hit the rear of Metropolitan's car, which was being driven by one of its employees. When petitioning for relief to file suit for her injuries resulting from the collision, the issue was whether De Leon's counsel's failure to timely present her claim to Metropolitan was due to excusable neglect. De Leon asserted it was. In particular, she alleged she had been diligent in retaining counsel, and her counsel had otherwise been diligent in investigating and pursuing her claim.

The trial court disagreed. It found De Leon did not show by a preponderance of the evidence that despite reasonable diligence her counsel could neither discover Metropolitan was a public entity, with whom a claim needed to be filed directly, nor any contact information for Metropolitan to ask. The court further found De Leon's counsel was not reasonably diligent

2

in its investigation.  The court thus denied De Leon's petition.

## II.

De Leon argues the trial court abused its discretion likening her case to cases granting relief.  She also contends the court considered a theory not presented by the parties when it noted Metropolitan's public entity status could be found in the Water Code.  She further asserts Metropolitan failed to establish prejudice resulting from the late presentation of her claim.

Metropolitan responds De Leon failed to demonstrate excusable neglect and, therefore, it did not have to prove prejudice, and the court did not abuse its discretion in referencing the Water Code.

We agree the court did not abuse its discretion.  Instead, the trial court reasonably concluded De Leon failed to show her counsel's failure was due to excusable neglect.

## A.

We review decisions to grant or deny a petition seeking relief from the claim presentation requirement for abuse of discretion, although we scrutinize more carefully an order denying relief than an order granting relief.  (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275-276.)  A decision denying relief is an abuse of discretion only if it exceeds the bounds of reason or contravenes uncontradicted evidence.  (*County of Alameda v. Superior Court* (1987) 196 Cal.App.3d 619, 624.)

A trial court shall relieve a petitioner from the claim presentation requirement if the petitioner shows by a preponderance of the evidence "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect[,] unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner." (§ 946.6(c)(1).)

3

"Excusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances." (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1296.) When excusable neglect is claimed based on ignorance of a fact or failure to act on it, the petitioner "'must show by a preponderance of the evidence that in the use of reasonable diligence, [the petitioner] could not discover the fact or could not act upon it.'" (*N.G. v. County of San Diego* (2020) 59 Cal.App.5th 63, 74.) "In determining whether an attorney's error constitutes excusable neglect, the courts also consider the attorney's overall diligence or lack thereof." (*Bettencourt*, 42 Cal.3d at p. 278.)

B.

De Leon was injured in the collision on June 6, 2023, giving her until December 6 to timely present her claim to Metropolitan. (§ 911.2(a).) Within one week of the collision, she retained her counsel. On June 29, she submitted an amendment to the California Highway Patrol report that documented the collision. The Highway Patrol report listed Metropolitan as the owner of the other vehicle involved in the collision. Even assuming De Leon and her counsel did not obtain the report and discover Metropolitan's ownership until the date of the request to amend the report, that left them more than five months to discover Metropolitan was a separate public entity and timely present De Leon's claim.

During that time, De Leon's insurance carrier received a letter via email from a third-party claims administrator company. The company represented Metropolitan for purposes of its demand for damages against De Leon. De Leon's insurance carrier sent the letter to her counsel. Counsel emailed the third-party company, attaching a letter of representation for

4

De Leon. However, neither the email nor the letter asked about Metropolitan's public entity status, and counsel received no response.

De Leon's counsel searched Metropolitan's website for its status as a public entity but allegedly found no clarity. The collision occurred in the city of Santa Ana within the County of Orange, and counsel stated Metropolitan's website indicated 26 agencies purchased water from Metropolitan, including cities and water agencies "mostly in Los Angeles County." Counsel submitted claims to the City and County of Los Angeles and State of California, uncertain of their relation to the collision, but received no response before the time for presentation lapsed.

As De Leon's deadline drew near and ultimately passed, counsel had received no confirmation of Metropolitan's public entity status, and there is no evidence counsel conducted any further investigation to obtain clarity before it passed.

De Leon's counsel could have but did not contact Metropolitan before the time for presentation lapsed. De Leon's counsel declared he conducted "[a] thorough review of [Metropolitan's] website" and found "no contact information" for Metropolitan, suggesting the lack of contact information was the reason counsel could not contact Metropolitan sooner. But at all relevant times, Metropolitan's webpage included a "Contact Us" page accessible to the public from a drop-down menu. That page included phone numbers, e-mail addresses, and a mailing address for Metropolitan. And the letter forwarded to counsel from De Leon's insurance carrier stated it was sent via email to the insurance carrier and that Metropolitan's Risk Department Unit was included in the email correspondence. Yet there is no evidence De Leon's counsel asked the insurer to share Metropolitan's email address. Given the uncertainty about Metropolitan's public entity status, the trial court could

5

conclude reasonably prudent counsel would have contacted Metropolitan to further inquire before the time for presentation lapsed. (See *Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429, 1438-1439.)

When counsel sent De Leon's untimely claim and subsequent application to present a late claim to Metropolitan, counsel articulated reasons for the untimely presentation that failed to mention any inability to find Metropolitan's contact information. Instead, counsel asserted they "decided" to contact Metropolitan after the time for presentation had lapsed because they had received no response from the third-party company, suggesting counsel could have contacted Metropolitan earlier had they been so inclined.

The trial court further noted counsel could have determined Metropolitan's entity status by consulting the Water Code. De Leon objects to this reasoning, arguing this point was not raised by counsel and therefore violates her right to due process. We disagree. The court's point highlights another of the possible steps counsel could have taken to be reasonably diligent. It does not raise an alternative issue or legal theory. (See *United States v. Sineneng-Smith* (2020) 590 U.S. 371, 376.)

De Leon's case is distinguishable from the cases she relies on to argue her counsel undertook diligent efforts to investigate whether and to whom a claim needed to be presented. For example, in *Kaslavage v. West Kern County Water Dist*. (1978) 84 Cal.App.3d 529, the court found the petitioner's failure to discover the correct public entity excusable because the petitioner hired an investigator who questioned four different public agencies in an attempt to obtain information and spent part of two days inspecting the injury site and official records of the assessor's office. (*Id*. at pp. 535-536.) Likewise, in *Lawrence v. State of California* (1985) 171 Cal.App.3d 242,

6

counsel's presentation to the wrong public entity was excusable because counsel had called the sheriff's office, an "arm of the county government" who advised, albeit incorrectly, the county was responsible for the sidewalk where the petitioner had been injured, and counsel had further called several other cities in the vicinity, who advised "'they were [all] part of the County.'" (*Id.* at pp. 244-246.) Conversely, over the course of *five months*, no similar diligent efforts were shown here. That De Leon's passenger was able to discover Metropolitan's contact information and present her claim to Metropolitan in less than two months tends to show that, with reasonable diligence, De Leon's counsel could have done the same.

Accordingly, on this record, we conclude the trial court did not abuse its discretion in denying De Leon's petition. Because De Leon failed to prove excusable neglect, Metropolitan's prejudice, or lack thereof, is immaterial. (*County of Santa Clara v. Superior Court of Santa Clara County* (1971) 4 Cal.3d 545, 555.) We therefore need not remand this case for the trial court to decide whether Metropolitan was prejudiced. (§ 946.6(c)(1); *Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 478.)

III.

We affirm.  Respondents are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


RUBIN, J.