[Crim. No. 21235. First Dist., Div. One. Aug. 18, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
CORNELL McCLOUD et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

\*See *post*, page 183.

---

[redacted]

---

**COUNSEL**

Roderick P. Bushnell and Jeffry Glenn, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Ronald A. Bass, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**ELKINGTON, Acting P. J.**—Defendants Cornell McCloud and Byron McCloud were each convicted, upon a jury's verdicts, of seven counts of jointly committed robberies (Pen. Code, § 211). The jury further found that in the perpetration of each of the robberies, Byron McCloud *used* a firearm (Pen. Code, § 12022.5), and that Cornell McCloud was *armed* with a firearm (Pen. Code, § 12022, subd. (a)). And each was found to have suffered a prior conviction of felony, within the meaning of Penal Code section 667.5, subdivision (b).

Each of the defendants has appealed from the judgment which was thereupon entered against him.

We have found no merit in either appeal and accordingly affirm the judgments. Our several reasons follow.

Evidence at defendants' joint trial established that they had, on July 26, 1979, robbed the proprietor and an employee of a San Francisco beauty shop, and five of its customers. In the ensuing months defendants were

arrested on an unrelated felony charge, during the investigation of which they were believed by the police to be linked to many reported burglaries, and murder and other crimes. A San Francisco daily newspaper published a story, November 7, 1979, about defendants' criminal activities and ran booking photographs (mug shots) of each of them with the story. Victims of the earlier beauty shop robberies independently recognized the photographs as those of the robbers, and so reported to the police. Defendants were thereupon charged with the beauty shop robberies also.

The jury's verdicts, we opine, were adequately supported by substantial evidence upon the whole record. (See *People* v. *Johnson* (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738].)

We first consider the appellate contentions made by *both* defendants.

I. ▉▉ Both defendants assert that their arrest, being brought about by dissemination of confidential information, was without probable cause.

As previously noted, defendants' arrests were brought about through the publication, in a daily newspaper, of their mug shots taken after some earlier arrest.

The instant contention is founded upon Penal Code section 13302, which states:

"Any employee of the local criminal justice agency who knowingly furnishes a record or information obtained from a record to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor."

It will be noted that the statute refers to "a record or information obtained from a record."

"Record," according to a companion statute, Penal Code section 13301, subdivision (a), "means the master local summary criminal history information as defined in subdivision (a) of Section 13300 or a copy thereof." The latter statute asserts, as relevant:

"(1) 'Local summary criminal history information' means the master record of information compiled by any local criminal justice agency pursuant to Chapter 2 (commencing with Section 13100) of Title 3 of Part 4 of the Penal Code pertaining to the identification and criminal history of any person, such as name, date of birth, physical description, dates of arrests,

arresting agencies and booking numbers, charges, dispositions, and similar data about such person."

We further observe no inclusion in "Chapter 2 (commencing with section 13100) of Title 3 of Part 4 of the Penal Code," of mug shots, or other photographs of arrested persons taken for use in future investigation of criminal activity, and identification of criminal suspects. The legislative omission was patently intentional, for if it were not so, criminal investigation would become well-nigh impossible, and photographic lineups necessarily forbidden. (Indeed, few if any post offices, or federal buildings or banks, lack a prominent public display of mug shots of "wanted" criminal suspects.) "In the absence of express statutory provision, courts will not find an implied abrogation of long established principles." (*Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 603 [68 Cal.Rptr. 297, 440 P.2d 497].)

 We accordingly hold that a mug shot is not a "record or information obtained from a record" within the meaning of the statutes here relied upon. Defendants' arrests and their fruits were accordingly not tainted by unlawful police conduct.

(We certify for publication, only the foregoing portion of this opinion, this parenthesized paragraph, and our decisional statement, i.e, the opinion's last paragraph. Parts II-XI, inclusive, do not meet the standards for publication and shall not be published. See rule 976.1, Cal. Rules of Court.)

II-XI.

. . . . . . . . . . . . . . . . . . . .

The judgments are, and each of them is, affirmed.

Newsom, J., and Holmdahl, J., concurred.

Appellants' petitions for a hearing by the Supreme Court were denied November 10, 1983.