BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE WARREN E. RUPF, SHERIFF, COUNTY OF CONTRA COSTA, has requested an opinion on the following question:
Does a sheriff have discretion to furnish copies of photographs of arrested persons, commonly known as "mug shots," in response to a request from a member of the general public, including the news media?
CONCLUSION
A sheriff has discretion to furnish copies of photographs of arrested persons, commonly known as "mug shots," in response to a request from a member of the general public, including the news media; however, once a copy is furnished to one member of the
general public, a copy must be made available to all who make a request.
ANALYSIS
We are asked whether a sheriff has discretion to furnish copies of photographs of arrested persons, commonly known as "mug shots," to members of the general public, including the news media. We conclude that a sheriff has such discretion.
Ordinarily, a suspect arrested on a criminal charge may be given a citation and then released upon his or her written promise to appear in court[1] or, alternatively, may be transported to the police station or jail for "booking." (Pen. Code, §§ 853.5, 853.6, ; see 80 Ops.Cal.Atty.Gen. 111, 112-117 (1997).) "To `book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest." (Pen. Code, § 7, subd. (21); see also 65 Ops.Cal.Atty.Gen. 563, 564 (1982).) "The taking of a photograph during the booking process is standard police procedure (Pen. Code, § 7, subd. 21), . . . Commonly known as `mug shots,' the photos are kept in permanent files regardless of the eventual disposition of the case. . . ." (People v. McInnis (1972) 6 Cal.3d 821, 825-826.) If an arrested person has been "transported to the police station and booked, the identification process may lawfully extend to taking his fingerprints and photograph, and recording his vital statistics. [Citation.]" (Loderv. Municipal Court (1976) 17 Cal.3d 859, 865; see Sterling v. City ofOakland (1962) 208 Cal.App.2d 1, 4.)
The California Public Records Act (Gov. Code, §§ 6250-6276.48; "Act")[2] generally requires state and local agencies to allow members of the general public to inspect and obtain copies of all records in their custody. (§§ 6250, 6252, 6253.) The Act "was passed for the explicit purpose of `increasing freedom of information' by giving the public `access to information in possession of public agencies' [Citation.] Maximum disclosure of the conduct of governmental operations was to be promoted by the Act. [Citation.]" (CBS, Inc. v. Block (1986) 42 Cal.3d 646, 651; see also Roberts v. Cityof Palmdale (1993) 5 Cal.4th 363, 370.) Section 6252, subdivision (e), defines "public records" for purposes of the Act as including "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." Subdivision (f) of section 6252 in turn defines a "writing" to include "any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing any form of communication or representation. . . ." Accordingly, an arrested person's mug shot is a "writing" and a "public record" under the Act's definitions.
The Act specifies that "[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided. . . ." (§ 6253, subd. (a).)[3] Upon request for a copy of any identifiable public record, a state or local agency is required to promptly provide an exact copy, unless impracticable to do so, upon payment of fees covering the direct costs of duplication, or a statutory fee if applicable. (§ 6253, subd. (b).) In short, "all public records are subject to disclosure unless the Legislature has expressly provided to the contrary." (Williams v. Superior Court (1993)5 Cal.4th 337, 346.)
The Legislature has authorized withholding the disclosure of public records in some cases. "[T]he Act recognizes that certain records should not, for reasons of privacy, safety, and efficient governmental operation, be made public." (Haynie v. Superior Court (2001)26 Cal.4th 1061, 1064.) Section 6254 specifically exempts a diverse collection of 27 categories of public records which a state or local agency may, in its discretion, refuse to disclose. Significant to our inquiry is subdivision (f) of section 6254, which provides a "broad exemption from disclosure for law enforcement investigatory records." (Williams v. Superior Court, supra, 5 Cal.4th at p. 349; see Rackauckasv. Superior Court (2002) 104 Cal.App.4th 169, 174.) In relevant part, subdivision (f) of section 6254 exempts from disclosure:
 "Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, and any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes, except that state and local law enforcement agencies shall disclose the names and addresses of persons involved in, or witnesses other than confidential informants to, the incident, the description of any property involved, the date, time, and location of the incident, all diagrams, statements of the parties involved in the incident, the statements of all witnesses, other than confidential informants, to the victims of an incident, or an authorized representative thereof, an insurance carrier against which a claim has been or might be made, and any person suffering bodily injury or property damage or loss, as the result of the incident . . . unless the disclosure would endanger the safety of a witness or other person involved in the investigation, or unless disclosure would endanger the successful completion of the investigation or a related investigation. However, nothing in this division shall require the disclosure of that portion of those investigative files that reflect the analysis or conclusions of the investigating officer.
 "Notwithstanding any other provision of this subdivision, state and local law enforcement agencies shall make public the following information, except to the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation or would endanger the successful completion of the investigation or a related investigation:
 "(1) The full name and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of arrest, the time and date of booking, the location of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is currently being held, and all charges the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
We have no hesitation in finding that mug shots fall within the "records of investigations" exemption of section 6254, subdivision (f). (SeeLoder v. Municipal Court, supra, 17 Cal.3d at pp. 864-865; 65 Ops.Cal.Atty.Gen. 563, 567 (1982).) A mug shot is used by the police not only to identify the person arrested, but to determine if he or she is wanted on any other charge. Mug shots from earlier arrests may be used during subsequent investigations to identify individuals suspected of committing criminal offenses. (See, e.g., People v. James (1977)19 Cal.3d 99, 105; People v. Cavanaugh (1968) 69 Cal.2d 262, 264; Peoplev. Griffin (1976) 59 Cal.App.3d 532, 535.)
Although mug shots are exempt from disclosure under the terms of section 6254, subdivision (f), the statute nevertheless requires a public agency to "make public" specified "information"[4] concerning an arrest. In disclosing information about an arrest, the records from which such information is derived remain exempt from disclosure under section6254. (Williams v. Superior Court, supra, 5 Cal.4th at pp. 360-361; County of Los Angeles v. Superior Court, supra, 18 Cal.App.4th at pp. 600-601.)
In 65 Ops.Cal.Atty.Gen. 563, supra, we discussed the methods by which a police agency "shall make public" the arrest information specified in section 6254, subdivision (f). We observed:
 ". . . Section 6254(f) does not specify the manner in which the police agency `shall make public' the information about . . . arrests specified therein. We believe any reasonable method which provides any member of the public with access to the requisite information would satisfy the requirement that the information be made public.
 "One method to `make public' the . . . arrest information as required by section 6254(f) is to disclose the . . . arrest records to the public. As we noted previously, the last sentence of section 6254
expressly recognizes that the public agency has the authority to make its exempt records public if it chooses `unless disclosure is otherwise prohibited by law.' Once an agency discloses an exempt record to a person who is not authorized to receive it on a confidential basis it must then disclose such record to all. [Citation.] On the other hand, the police agency has the discretion to refuse to allow public disclosure of its . . . arrest records since they are exempt from the disclosure requirement of the Act by the first sentence of section 6254. Of course, inthose cases where the agency refuses to permit public disclosure of its . . . arrest records, it must make public the information concerning . . . arrests specified in section 6254(f) by some other reasonable method." (Id. at p. 568.)[5]
Hence, copies of mug shots may be furnished to members of the general public in disclosing "information" required by section 6254. Importantly, furnishing a mug shot to a member of the general public, including the news media, would not violate the arrested person's constitutional right of privacy. (Loder v. Superior Court, supra,
17 Cal.3d at pp. 864-876; see also Paul v. Davis (1976) 424 U.S. 693, 713;Kapellas v. Kofman (1969) 1 Cal.3d 20, 38.)
Consistent with the analysis contained in our 1982 opinion, we conclude that a sheriff may provide copies of mug shots in response to a request from a member of the general public, including the news media, in order to comply with the directive of section 6254, subdivision (f). Disclosure to one member of the public would constitute a waiver of the exemption (§ 6254.5), requiring disclosure to any other person who requests a copy.[6]
[1] A "citation," commonly known as a "ticket," is a written notice to appear in court issued by a police officer to an arrested person for certain violations of law; the arrested person is released upon his or her written promise to appear. (See Pen. Code, §§ 853.5,853.6, ; see also People v. Superior Court (1972) 7 Cal.3d 186,199-200.)
[2] All references hereafter to the Government Code are by section number only.
[3] "Members of the media have no greater right of access than that of any member of the public. [Citations.]" (New York Times Co. v. SuperiorCourt (1997) 52 Cal.App.4th 97, 102, fn. 3; see also § 6258 ["Any person may institute proceedings . . . to enforce his or her right to inspect or to receive a copy of any public record. . . ."].)
[4] The information disclosure requirement contained in section6524, subdivision (f)(1), is limited to contemporaneous information relating to persons currently within the judicial system. (County of LosAngeles v. Superior Court (1993) 18 Cal.App.4th 588, 595-601.)
[5] What was "the last sentence of section 6254" at the time of our 1982 opinion is now the second-to-last sentence and provides: "Nothing in this section prevents any agency from opening its records concerning the administration of the agency to public inspection, unless disclosure is otherwise prohibited by law." In Black Panther Party v. Kehoe (1974)42 Cal.App.3d 645, 656, the court stated with respect to this sentence: ". . . The last sentence of section 6254, as we view the legislative scheme, endows the agency with discretionary authority to override any of the . . . statutory exemptions when some dominating public interest favors disclosure. The . . . exemptions, then, are permissive, not mandatory; they permit nondisclosure but do not prohibit disclosure. When the agency exercises its permissive disclosure authority, public inspection follows."
[6] Whether mug shots constitute "criminal offender record information" (Pen. Code, §§ 11075, 13102, ) or "summary criminal history information" (§§ 13300-13302) need not be resolved here (see Loder v. Municipal Court, supra, 17 Cal.3d at pp. 868-874;Westbrook v. County of Los Angeles (1994) 27 Cal.App.4th 157, 162-164;People v. McCloud (1983) 146 Cal.App.3d 180, 182-183) since these statutory schemes allow disclosure of information when authorized by some other law (see Pen. Code, §§ 11076, 11081, 13200,13201, 13302-13304), which in this case, is section6254, subdivision (f).